IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JORGE GUTIERREZ on his own behalf
and on behalf of all similarly situated individuals,

        Plaintiff,

CIVIL ACTION
FILE NO.:

v.

SEASALT AND PEPPER, LLC, a Florida
Limited Liability Company,
CARLOS MIRANDA, individually, and
STEPHANE DUPOUX, individually,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JORGE GUTIERREZ ("Plaintiff"), on his own behalf and on behalf of those similarly situated, files this Complaint against Defendants, SEASALT AND PEPPER, LLC, ("SEASALT"), CARLOS MIRANDA, individually ("MIRANDA"), and STEPHANE DUPOUX ("DUPOUX") (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and

the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Miami-Dade County, Florida.

5. At all times material hereto, SEASALT was, and continues to be, a Florida Limited Liability Company.

6. At all times material hereto, SEASALT was, and continues to be, engaged in business in Florida, with a principle place of business in Miami-Dade County, Florida.

7. Based upon information and belief, at all times material hereto, MIRANDA was, and continues to be, an individual resident of Miami-Dade County, Florida.

8. At all times material hereto, MIRANDA owned and operated SEASALT.

9. At all times material hereto, MIRANDA regularly held and/or exercised the authority to hire and fire employees of SEASALT.

10. At all times material hereto, MIRANDA regularly held and/or exercised the authority to determine the work schedules for the employees of SEASALT.

11. At all times material hereto, MIRANDA held and/or regularly exercised the authority to control the finances and operations of SEASALT.

12. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SEASALT; (b) determine the work schedules for the employees of SEASALT; and (c) control the finances and operations of SEASALT, MIRANDA is an employer as defined by 29 U.S.C. 201 *et. seq.*

13. Based upon information and belief, at all times material hereto, DUPOUX was, and continues to be, an individual resident of Miami-Dade County, Florida.

14. At all times material hereto, DUPOUX owned and operated SEASALT.

15. At all times material hereto, DUPOUX regularly held and/or exercised the authority to hire and fire employees of SEASALT.

16. At all times material hereto, DUPOUX regularly held and/or exercised the authority to determine the work schedules for the employees of SEASALT.

17. At all times material hereto, DUPOUX held and/or regularly exercised the authority to control the finances and operations of SEASALT.

18. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SEASALT; (b) determine the work schedules for the employees of SEASALT; and (c) control the finances and operations of SEASALT, DUPOUX is an employer as defined by 29 U.S.C. 201 *et. seq.*

19. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

20. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

21. Defendants were, and continue to be, "employers" within the meaning of FLSA.

22. At all times material hereto, SEASALT was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, Defendants regularly received a variety of food products, ingredients, and beverages from out of state suppliers, among other items.

23. At all times material hereto, SEASALT was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

24. Based upon information and belief, the annual gross revenue of Defendants was

in excess of $500,000.00 per annum during the relevant time periods.

25. At all times material hereto, Defendants had more than two (2) employees.

26. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including meal ingredients, finished food products, soft drinks, alcoholic beverages, kitchen equipment and various other tools and materials necessary and integral to Defendants' business operations.

27. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA. Specifically, throughout his employment, and as part of his duties for Defendants, Plaintiff regularly processed credit card transactions with credit card companies, banks and third-party service providers that were located outside the State of Florida.

28. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

29. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants

## STATEMENT OF FACTS

30. Defendants own and operate a seafood restaurant located in Miami, Florida.

31. Defendants employ numerous servers, host(esses), bussers, runners, cooks, and bartenders.

32. On or about November 2013, Defendants hired Plaintiff to work as an hourly paid, non-exempt bartender.

33. Plaintiff's base rate of pay was $8.50.

34. In addition, Plaintiff was paid commissions in the form of a mandatory 18% service charge Defendants unilaterally imposed on each customer's bill.

35. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

36. Plaintiff was paid at a rate of $12.75 per hour for the hours he worked over forty (40) in a workweek.

37. Defendants did not include any of Plaintiff's 18% service charge commission in the calculation of Plaintiff's regular rate for purposes of calculating Plaintiff's overtime compensation.

38. Throughout his employment, Defendants failed to compensate Plaintiff at a rate of time and one-half Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week.

39. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week, as required by the FLSA.

40. Defendants have violated Title 29 U.S.C. §207 from at least November 2013, and continuing through May 2014, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff' regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

      c.      Defendants failed to maintain proper time records as mandated by the FLSA.

41.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

42.    Plaintiff re-allege and re-aver paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43.    From November 2013, and continuing through May 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week.

44.    Plaintiff was, and is, entitled to be paid at one and one-half times Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week.

45.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week, when they knew, or should have known, such was, and is, due.

47.    Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff

suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50. Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

51. Plaintiff re-allege and re-aver paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

52. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists

53. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

54. Plaintiff may obtain declaratory relief.

55. Defendants employed Plaintiff

56. Defendant SEASALT is an enterprise, subject to the coverage of the FLSA in 2013.

57. Defendant SEASALT is an enterprise, subject to the coverage of the FLSA in 2014.

58. Plaintiff was individually covered by the FLSA.

59. Defendants failed to pay Plaintiff time and one-half his regular rate of pay for all overtime hours worked.

60. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

61. Defendants failed to take affirmative steps to support a good faith defense.

62. Plaintiff is entitled to liquidated damages.

63. It is in the public interest to have these declarations of rights recorded.

64. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

65. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

66. It is in the interest of all current and former employees to get a declaratory judgment.

67. Plaintiff demands trial by jury

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff' time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f. Awarding Plaintiff pre-judgment interest;

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

Dated: July 31, 2014

Respectfully Submitted,

*[signature]*

Amanda E. Kayfus, Esq.
Florida Bar No. 92805
Andrew R. Frisch, Esq.
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 327-3013
E-mail: AKayfus@forthepeople.com
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff