UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 14-22852-CV-UNGARO

JORGE GUTIEREEZ, et al.

      Plaintiffs,

vs.

SEASALT AND PEPPER, LLC, CARLOS
MIRANDA, AND STEPHANE DUPOUX,

      Defendants.

**DEFENDANT SEASALT AND PEPPER, LLC'S MOTION TO
DISMISS AND SUPPORTING MEMORANDUM OF LAW**

Defendant, Seasalt and Pepper, LLC ("Seasalt and Pepper"), by and through undersigned counsel and pursuant to L. R. 7.1 and Federal Rule of Civil Procedure 12(b)(6), asks that the Court enter an order dismissing Plaintiff Jorge Gutierrez's Complaint in its entirety and submit this Memorandum of Law, in support thereof, as follows:

**I.**    **INTRODUCTION**

Plaintiff Jorge Gutierrez commenced this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, seeking to recover damages for overtime wages which he claims Seasalt and Pepper failed to pay in violation of 29 U.S.C. §207 (Count I), and asks that the Court declare that Seasalt and Pepper\ violated 29 U.S.C. §211 by failing to keep accurate time records, that it failed to take affirmative steps to support a good faith defense, and that Plaintiff is entitled to recover liquidated damages and attorneys' fees for brining and prosecuting this action.

Plaintiff's claims lack any legal merit and should be dismissed with prejudice for the reasons stated below.

## II.   STATEMENT OF FACTS

Seasalt and Pepper hired Plaintiff Gutierrez as a bartender on November 3, 2014. *Compl.*, at ¶32; Declaration of Telma Pena in Support of Defendant Seasalt and Pepper's Motion to Dismiss ("Pena Declaration") at ¶3.[1] Seasalt and Pepper paid Plaintiff Gutierrez an hourly rate of $8.50. *Compl.* at ¶33, and Pena Declaration at ¶3.  As a part of his training, Plaintiff Gutierrez was trained on timekeeping and recording his hours by clocking in and out at the beginning and end of his shifts in Micros, the software that Seasalt and Pepper uses to record employees' hours. Pena Declaration at ¶4. Plaintiff Gutierrez was also informed of Seasalt and Pepper's pooling policy of the service charges collected from its customers. *Id.* at  ¶5. The pool of service charges is divided among the service staff (servers, bussers, bartenders, waiters, and floor managers) in accordance with a point system assigned to each position and agreed upon by the service staff. *Id.*

As demonstrated by Exhibit "B" to this Motion, Seasalt and Pepper's management adds an eighteen (18%) percent service charge to each customer's bill. Pena Declaration at ¶6 and *Compl.*, at ¶34.[2] The restaurant management tracks the service charges daily and records the amounts collected on a gratuity/commission sheet that lists the employee's name and his daily commission/contribution from the pool. Pena Declaration at ¶6.[3] At the end of each pay period, an employee's commission/share of the pool is tallied, processed through payroll and appears as a separate item on the employee's paystub with the appropriate tax deductions made from his total compensation. Pena Declaration at ¶7.

---

[1] A copy of the Pena Declaration is attached as Exhibit "A" to this Motion.

[2] The patron's receipt attached as Exhibit "B" to this Motion is intended as an example evidencing Seasalt and Pepper's service charge policy.

[3] As an example, a copy of a commission sheet is attached as Exhibit "C."

Specifically, with respect to Plaintiff Gutierrez, he worked for Seasalt and Pepper from November 3, 2012 to April 27, 2014. *Compl.,* at ¶43; and Pena Declaration at ¶3. Plaintiff was paid his hourly rate of $8.50 for forty (40) hours each work week and $12.75 for every hour he worked in excess of forty (40) hours. *Compl.,* at ¶36, and Pena Declaration at ¶11.

Plaintiff Gutierrez now claims that Seasalt and Pepper violated section 207 of the FLSA by, *inter alia*, failing to include his commission from the eighteen (18%) percent service charge in his regular rate for purposes of calculating his overtime compensation. *Compl.* at ¶37-41. He also contends that Seasalt and Pepper violated section 211 of the FLSA by failing to keep accurate time records. As such, Plaintiff Gutierrez is seeking to recover his overtime wages and liquidated damages and is asking the Court to declare that Seasalt and Pepper willfully violated sections 207 and 211 of the FLSA.

As demonstrated below, Plaintiffs' claims fail as a matter of law.

## III.   APPLICABLE STANDARD

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or

referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 669). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting *Iqbal*, 556 U.S. 680-81). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability.'" *Chaparro v. Carnival Corp.*, 693 F. 3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth and must grant the motion to dismiss for plaintiff's failure to carry it pleading burden. *Mamani v. Berzain*, 654 F. 3d 1148, 1153–54 (11th Cir. 2011).

## IV.   LEGAL ARGUMENT

### A.  Plaintiff Failed To State FLSA Claims As Required By Fed. R. Civ. P. 12(b)(6).

As to Count I of the Complaint, in order for Plaintiff Gutierrez to establish a prima facie case for failure to pay overtime wages under the FLSA, he must demonstrate "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Anish v. Nat'l Sec. Corp.*, 2010 WL 4065433, at *2 (S.D. Fla. Oct.15, 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir.2008)). "An employee who brings a lawsuit under the FLSA for unpaid minimum wages or unpaid overtime compensation and liquidated damages bears the initial burden of proving that he performed the work for which he was not properly compensated."

4

*Santelices v. Cable Wiring*, 147 F. Supp.2d 1313, 1328 (S.D.Fla.2001).

Here, Plaintiff failed to state a claim for overtime wages because he failed to plead with any degree of specificity the type and nature of the work for which he was not compensated or the time period during which he worked the overtime hours for which he was not compensated. As such, Plaintiff's claim under section 207 of the FLSA should be dismissed for failure to state a claim upon which relief can be granted. *See Vierra v. Sage Dining Services, Inc.*, 2010 WL 4867557 at *3 (M.D. Fla. Nov. 23, 2010) (granting defendant's 12(b)(6) motion because plaintiff did not allege how many hours she worked for which she did not receive minimum wages or the nature of the work that she performed for which she was not compensated).

Similarly, in Count 2, Plaintiff claims that Seasalt and Pepper failed to keep accurate time records in violation of section 211 of the FLSA. *Compl.* at ¶60. This conclusory allegation is a mere recitation of the statutory language in section 211(c) which is neither enough to meet the plausibility standard espoused in *Twombly* nor is veiled with the presumption of truth on a motion to dismiss under Rule 12(b)(6). *Bowers v. Bd. Of Regents of Uni. Sys. of Ga.*, 509 F. App'x. 906, 909 (11th Cir. 2013) ("To survive dismissal for failure to state a claim, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (intentional quotation marks and citations omitted)). To the contrary, as demonstrated by the documents attached to the Pena Declaration, Seasalt and Pepper has more than adequately complied with the record keeping requirements of section 211(c) of the FLSA.[4]

---

[4] This Court can consider the documents attached to the Pena Declaration without converting this (12)(b)(6) motion into a motion for summary judgment because the documents are referenced by plaintiff in complaint and are central to his claims. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284–85 (11th Cir.2007) (documents referenced by plaintiff in complaint that are central to claim may be considered if contents not in dispute and defendant attaches document to motion to dismiss), neither of these exceptions applies here.

The fact that the employment and time records maintained by Seasalt and Pepper does not support Plaintiff Gutierrez's claims does not change the fact that Seasalt and Pepper has fully complied with section 211 of the FLSA. This is especially true here because there is not one single fact in the sixty-seven (67) paragraph Complaint that supports this claim except for the conclusory allegation in paragraph 60 that Seasalt and Pepper failed to maintain accurate time records in violation of that statute. Put another way, Plaintiff Gutierrez's bare assertion of violation under section 211(c) fails without factual allegations to support it. Plaintiff Gutierrez does not and cannot allege that Seasalt and Pepper failed to institute a timekeeping policy or procedure in place, that it did not train him to record his time accurately, that it did not require him to clock in and out at the beginning and end of every shift, or that it completely disregarded, tampered with, manipulated, or failed to keep the time records required by section 211 of the FLSA. This is because, as demonstrated by Exhibit "3" to the Pena Declaration and contrary to Plaintiff's allegation, Seasalt and Pepper has maintained and continues to maintain the pay stubs and time records pertaining to Plaintiff Gutierrez's employment with the restaurant.[5]

That is to say, Plaintiff Gutierrez's attempt to deftly plead a claim for failure to maintain time records in the hopes that his overtime claim in Count I survive the motion to dismiss and that discovery may substantive such claim is simply not enough. *Chaparro*, *supra*, 693 F. 3d at 1337 (plaintiff's expectation that discovery will reveal evidence of defendant's liability is not enough to defeat a 12(b)(6) motion). As such, Count II of the Complaint should be dismissed.

**B.  Plaintiff's Overtime Claim Fail As A Matter Of Law.**

Assuming, contrary to the facts, that Plaintiff Gutierrez has sufficiently pled a claim for

---

[5] Plaintiff cannot and does not dispute the accuracy or the authenticity of the paystubs attached as Exhibit "3" to the Pena Declaration, which the Court may consider without converting the motion to dismiss into a motion for summary judgment. *Brady v. Postmaster General, U.S. Postal Servs.*, 521 F. App'x 914, 916 (11th Cir. 2013).

relief, his overtime wages claim still fails as a matter of law. This is because, as demonstrated below, Plaintiff Gutierrez's regular rate of pay is more than 1.5 times the federal minimum wage and more than half of his compensation for each pay period represents commissions on good on services.  *See* 29 U.S.C. § 207(i).

Specifically, section 207(i) states:

No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i). The issue then turns on whether Plaintiff Gutierrez's share of the service charge pool constitutes commissions for purposes of section 207(i).

Plaintiff Gutierrez concedes that the service charge that Seasalt and Peppers adds to each customer's bill is a mandatory service charge and not a tip for purposes of section 207 of the FLSA. *Compl.*, at ¶34.  In this District, "[a] 'service charge' added by a hotel to every banquet bill, and then distributed (in whole or in part) to its banquet staff, is properly classified as a "commission," and not a gratuity, under the FLSA." *Nascembeni v, Quayside Place Partners, LLP*, 2010 WL 2351467 at *2 (S.D. Fla. June 11, 2010) (citing *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F. 2d 1173, 1174-77 (7th Cir. 1987)). The fact that the parties refer to the service charge as tips or gratuity in the records maintained during the ordinary course of business is irrelevant because "[a] 'service charge' is a commission despite the fact that the parties may describe it colloquially as a gratuity or a tip." *Id*.

7

"The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; *Williams v. R. W. Cannon, Inc.*, 2008 WL 4097613 at *16 (S.D. Fla. Sept. 4, 2008) (citing *Kohlheim v. Glynn County, Ga.*, 915 F. 2d 1473, 1480 (11th Cir. 1990)).

Here, according to the Pena Declaration, Plaintiff Gutierrez's regular rate of pay during the period in question (from February 6, 2014 to April 27, 2014) ranged from $35.48, or nearly five times the federal minimum wage of $7.25, to $61.19, or well over eight times the federal minimum wage. Pena Declaration at ¶¶8-9. Plaintiff Gutierrez's commissions from the service charge pool during that same period made up 73.92% to 85.04% of his total compensation. *Id.* at ¶9. Thus, Plaintiff Gutierrez's position is exempt from the overtime provisions of section 207(a)(1) pursuant to section 207(i). As Judge Marcia Cooke explained in *Nascembeni*, "the service charge is properly construed as a commission and must be factored into the calculation. Accordingly, Ms. Nascembeni is within the commissioned work exemption as detailed in 29 U.S.C. § 207(i). As an exempted employee, the Hotel was not required to pay Ms. Nascembeni overtime wages. For these reasons, summary judgment is granted in favor of the Defendants as to overtime wage claims." *Nascembeni, supra*, 2010 WL 2351467 at *3. As such, Count I (assuming that it was properly pled) still fails as a matter of law.

Count II of the Complaint also fails as a matter of law insofar as it seeks declaratory relief pertaining to the calculations of the regular rate of pay and overtime wages for the same reasons stated in section IV(B) of this Memorandum.

## V.    CONCLUSION

Based on the foregoing, Defendant Seasalt and Pepper, LLC respectfully asks that the Court enter an Order (i) dismissing Plaintiff Jorge Gutierrez's Complaint in its entirety, and (ii)

granting such further relief as is just and appropriate.

Respectfully submitted,

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
*Counsel for Defendant Seasalt and Pepper, LLC*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 375-5428
By:  _/s/ Beshoy Rizk_____
  ROBERT ZARCO
  Florida Bar No. 502138
  rzarco@zarcolaw.com
  ROBERT F. SALKOWSKI
  Florida Bar No. 903124
  rsalkowski@zarcolaw.com
  BESHOY RIZK
  Florida Bar No. 093808
  brizk@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 3, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of filing to the following attorneys:

Amanda Elizabeth Kayfus
Morgan & Morgan PA
600 N Pine Island Road
Suite 400
Plantation, FL 33324
954-318-0268
Fax: 954-327-3017
akayfus@forthepeople.com

Counsel for Plaintiffs

   ___ /s/ Beshoy Rizk_____