UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 14-22852-CV-UNGARO

JORGE GUTIEREEZ, et al.

    Plaintiffs,
vs.

SEASALT AND PEPPER, LLC, CARLOS MIRANDA, AND STEPHANE DUPOUX,

    Defendants.

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, Seasalt and Pepper, LLC ("Seasalt and Pepper") and Carlos Miranda (collectively with Seasalt and Pepper, "Defendants"), by and through undersigned counsel and pursuant to L. R. 7.1, files this reply to Plaintiff Jorge Gutierrez's ("Plaintiff") Response in Opposition to Defendant's Motion to Dismiss [ECF No. 28], and in support thereof, as follows:

**I.   INTRODUCTION**

Defendants are seeking dismissal of Plaintiff's overtime and employment records claims under sections 207 and 211 of the Fair Labor Standards Act ("FLSA") because Plaintiff's position as a bar tender is exempt from the FLSA overtime requirements under the retail and service establishment exemption provided for in section 207(i). The record establishes that Plaintiff is an employee of a service establishment who received a regular rate of pay that exceed one and half time the minimum wage and more than half of his compensation from commissions on good or services during each representative period.

Plaintiff raises three arguments in his Memorandum in Opposition to the motion to dismiss [ECF No. 28], which are that (1) the issue of whether the service/retail establishment exemption

to the FLSA applies cannot be decided on a motion to dismiss, (2) Defendant's motion for summary judgment, to the extent it raises issues outside of the pleadings, should be denied as premature at this stage of the litigation, and (3) Defendants are not entitled to summary judgment because they failed to carry their burden of establishing the application of the retail/service establishment exemption to the FLSA.

For the reasons stated below, Plaintiff's arguments are wrong and Defendants' motion to dismiss should be granted.

## II. LEGAL ARGUMENT

### A. The Court Can Decide The Issue of Whether The FLSA Exemption Applies At This Stage Of The Litigation.

Plaintiff contends that Defendants' claim that his position is exempt from the FLSA overtime requirements cannot be decided on a motion to dismiss. [ECF No. 28 at 6-7]. Defendant's argument in this case emphasizes form over substance. As a preliminary matter, the Court can decide the issue of whether the retail/service establishment exemption at this stage of the litigation. *Nieves v. Insurance Care Direct, Inc.,* 2010 WL 376279 at *2 (S.D. Fla. Jan. 25, 2010) (Defendant's exemption claim under section 207(i) may be decided on a motion to dismiss if the issue of whether the exemption applies can be determined from the pleadings); *see also Chen v. Major League Baseball*, 2014 WL 1230006 at *4 (S.D. N.Y. Mar. 25, 2014) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F. 3d 67, 74 (2d Cir. 1998)) (same). To the extent that Defendants' motion to dismiss arguably raises matters outside of the pleadings, the Court has discretion to convert the motion to dismiss to a motion for summary judgment in the event that it considers such evidence. *Shular v. Bd. Of Trustees of University of Ala.*, 480 F. App'x 540, 543 (11th Cir. 2012).

For the retail/service establishment exemption to apply, Defendants must establish that (1) Plaintiff was employed by a service/retail establishment, (2) Plaintiff received a regular rate of pay

that exceeds one and half time the minimum wage for the representative period, and (3) Plaintiff receives fifty percent (50%) of his compensation from commissions on goods or services. 29 U.S.C. §207(i).

Here, Plaintiff alleges that he was employed by Defendants' seafood restaurant located in Miami, Florida. Compl., at ¶30. Plaintiff can hardly argue that Defendant's restaurant is not a service/retail establishment for purpose of FLSA coverage. 29 C.F.R. § 779.320 (establishments with a retail concept include barber shops, clothing stores, drug stores, florists, grocery stores, restaurants and theaters); *see also Diaz v. Jaguar Restaurant Group, LLC*, 649 F. Supp. 2d 1343, 1349 (S.D. Fla. 2009) (restaurants are service establishments for purpose of enterprise coverage under FLSA).

As demonstrated by the Pena Declaration attached as Exhibit "A" to Defendant's Motion to Dismiss, Plaintiff worked for Defendants' restaurant from November 3, 2013 to April 27, 2014. [ECF No. 21, Ex. A at ¶3]. The time and payroll records attached as Exhibit "3" to the Pena Declaration show that the representative period for puproses of Plaintiff's overtime claim starts on February 3, 2014 and ends on April 27, 2014. *Id.* at ¶8. During that period, Plaintiff received a regular rate of pay that ranged from $35.48, nearly five times the federal minimum wage to $61.19, over eight times the federal minimum wage. *Id.* at ¶¶ 8 – 9. The payroll records attached as Exhibit "3" also establish that during that representative period, the percentage of Plaintiff's compensation which constitute commission from the mandatory service charge pool ranged from 73.92% to 85.04%. As such, the retail/service establishment exemption to the FLSA applies in this case.

Plaintiff's reliance on *Ceant v. Aventura Limousine & Transportation Services, Inc.*, 874 F. Supp. 2d 1373 (S.D. Fla. 2012), and *Roberts v. Caballero & Castellanos, P.L.*, 2010 WL 114001 (S.D. Fla. Jan. 11, 2010) is misplaced. In *Ceant* and *Roberts*, the District Courts held that whether FLSA individual and enterprise coverage existed is a fact-intensive issue that could not be decided

on a motion to dismiss. *Ceant,* 874 F. Supp. 2 at 1376-77; *Roberts*, 2010 WL 114001 at *2-4. The *Ceant* and *Roberts* decisions are distinguishable because the issues of FLSA individual and enterprise coverage are not in dispute in this case. Plaintiff's reliance on *Ovesen v. Scandinavian Boiler Service, Inc.*, 2011 WL 3510586 (S.D. Fla. Aug 8, 2011) is inapposite. In *Ovesen*, Defendant moved to dismiss the plaintiff's overtime claim on the grounds that he held an executive position that was exempt from the FLSA overtime requirements. *Id.* at *2-3. The court denied the motion to dismiss because the defendant failed to carry its burden of establishing that the executive exemption applied. *Id.* at *3, no. 2. The *Ovesen* decision is also distinguishable because Defendants in this case, unlike the defendant in *Ovesen*, has sufficiently demonstrated that the retail/service establishment exemption applies.

This means that regardless of Plaintiff's procedural quarrel with Defendants' motion to dismiss, the fact still remains that the record clearly establishes that Plaintiff's position was exempt from the FLSA overtime requirements. As such, Defendants' motion to dismiss and/or for summary judgment should be granted.

**B. Defendants' Motion For Summary Judgment Is Proper Under Fed. R. Civ. P. 56**

Plaintiff urges the Court to deny Defendant's request for dismissal and/or summary judgment as premature because he has not been afforded an opportunity to take discovery in support of his claim. Plaintiff cites *McBride v. T&A of Citrus County, Inc.*, 2013 WL 2406081 (M.D. Fla. June 3, 2013), and *Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC*, 2008 WL 4613059 (S.D. Fla. Oct. 15, 2008), for the proposition that summary judgment is inappropriate where plaintiff has not been afforded an adequate opportunity for discovery. Plaintiff also goes on to argue that he needs to propound discovery pertaining to (1) the characterization of the eighteen percent (18%) mandatory service charge that Defendant's restaurant collects from each of its

patrons and (2) the time and payroll records of Plaintiff's employment with the restaurant. [ECF No. 28 at 9]. Plaintiff's argument fails for two separate and independent reasons.

First, Plaintiff's reading of *McBride* and *Ramos* is too broad. *McBride* and *Ramos* did not create a hard and fast rule that summary judgment must be denied in circumstances where the plaintiff has not had an opportunity to conduct discovery on his claim. *Instead*, *McBride* and *Ramos* stand for the proposition that summary judgment may be inappropriate in certain circumstances where there has not yet been discovery. *McBride*, 2013 WL 2406081 at *4 (citing *Ramos*, 2008 WL 4613059 at *2). Indeed, the *McBride* court went on to say that on a motion for summary judgment, "[t]he non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried." *Id.* *3.

Here, Plaintiff has not proffered any affidavits or evidence to refute the applicability of the retail/service establishment exemption to the overtime claim. Rule 56(e)(2) of the Federal Rule of Civil Procedure state that "If a nonmovant fails to respond to a summary judgment motion, then the movant's assertions of facts supported by record evidence may be deemed "undisputed for purposes of the motion." Fed .R. Civ. P. 56(e)(2).  In that scenario, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Defendant's motion for summary judgment evidence clearly shows that they are entitled to judgment as a matter of law on Plaintiff's overtime claim. *Stevens v. SimplexGrinnel, LLP*, 190 F. App'x 768, 772 (11t Cir. 2006) (affirming the trial court's entry of summary judgment in favor of plaintiff because defendant failed to proffer evidence to refute the applicability of the outside sales person exemption to her FLSA claim).

Second, insofar as Plaintiff now argues that he should be allowed an opportunity to conduct discovery on the nature and character of the mandatory service that Defendants' restaurant collects

5

from its patrons, this claim fails because it is inconsistent with the allegations in the Complaint. The best case scenario, from Plaintiff's perspective, is that discovery would establish that the 18% mandatory service charge is a misnomer and that it is a discretionary tip that does not constitute a commission for purposes of the exemption. However, the mandatory service charge versus discretionary tip argument is a non-starter because the Complaint establishes that the service charge is a mandatory service charge for purposes of the FLSA. Specifically, paragraph 34 of the Complaint states that "Plaintiff was paid commissions in the form of a mandatory 18% service charge defendants unilaterally imposed on each customer's bill." *Compl.*, at ¶34. In fact, the Complaint makes it explicitly clear that the epicenter of Plaintiff's overtime claim is that "Defendants did not include any of Plaintiff's 18% service charge commission in the calculation of Plaintiff's regular rate for purposes of calculating Plaintiff's overtime compensation." *Id.* at ¶37. Plaintiff cannot have it both ways. He cannot, on the one hand, allege that the service charge is a mandatory service charge for purposes of the motion to dismiss, but on the other hand, it is a discretionary tip for puproses of the motion for summary judgment. As such, the Court should reject Plaintiff's argument and grant Defendants' motion for summary judgment.

**C. Defendants Are Entitled to Judgment As A Matter On Plaintiff's FLSA Claims.**

Plaintiff also argues that summary judgment is precluded because Defendants have not established that the retail/service establishment exemption applies. [ECF No. 28 at 10-12]. Specifically, Plaintiff argues that Defendants failed to establish that its restaurant is a service/retail establishment for puproses of the FLSA. [ECF No. 28 at 10]. The problem with this argument is that the Department of Labor's regulations implementing the FLSA specifically categorize restaurants as service establishments with a retail concept. 29 C.F.R. § 779.320 (establishments with a retail concept include barber shops, clothing stores, drug stores, florists, grocery stores, restaurants and theaters).

6

Next, Plaintiff argues that Defendants have failed to identify the representative period for determining for which Plaintiff received 50% or more of his compensation from commissions and was in fact paid a regular rate of pay that exceeded time and half the federal minimum wage. [ECF No. 28 at 10]. Plaintiff's argument is unsupported by the record in this case. Specifically, Defendants' **unrebutted** evidence clearly show that the representative period is from February 3, 2014 to April 27, 2014. [ECF No. 21, Ex. A at ¶8]. The **undisputed** evidence establishes that during that period, plaintiff was paid a regular rate of pay that ranged from $35.48, or nearly five times the federal minimum wage, to $61.19, or well over eight times the federal minimum wage. *Id.* at ¶¶8 – 9. Plaintiff's commission from the mandatory service charge pool ranged from 73.92% to 85.04% of his total compensation over that same time frame. This clearly shows that the retail/service establishment exemption applies and as such, Defendants' are entitled to a judgment as a matter of law on Plaintiff's overtime claim.

Finally, Plaintiff argues that the record is incomplete because of what he construes to be inconsistencies pertaining to the classification of the mandatory service and factual gaps pertaining to the payroll and time records. This argument is red herring designed to detract from the fact that Defendants have clearly established that the retail/service establishment exemption applies. *Nascembeni v, Quayside Place Partners, LLP*, 2010 WL 2351467 at *2 (S.D. Fla. June 11, 2010) ("[a] 'service charge' is a commission despite the fact that the parties may describe it colloquially as a gratuity or a tip"). This means that regardless of any alleged inconsistencies in the record, additional discovery cannot possibly help Plaintiff's case insofar as it seems to reclassify the mandatory service charge as a discretionary tip.

This is because if the mandatory service charges turns out to be a discretionary tip, Defendants would still prevail because they need not include discretionary tips in their calculation of Plaintiff's regular rate of pay. *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1349 (S.D.

Fla. 2008) (citing 29 C.F.R. § 531.60). The Complaint already establishes that Defendants paid plaintiff time and half his hourly wage for every hour he worked in excess of forty hours during the representative period. *Compl.*, at ¶36 (Plaintiff was paid $12.75 per hour for every hour worked over forty hours in one work week). On the other hand, if discovery substantiates Plaintiff's allegation in paragraph 34 of the Complaint that the 18% service charge is a mandatory service charge, Plaintiff's overtime claim still fails because, as demonstrated above, his position is exempt from the overtime requirements under the FLSA.

Plaintiff's claim that the payroll and time records are incomplete fail for the same reason. Discovery cannot possibly create a scenario under which Plaintiff is entitled to relief. By way of example, as shown by Exhibit "3" to the Pena Declaration, Plaintiff was paid $5,785.17 for the pay period from April 414, 2014 to April 27, 2014.  Assuming (albeit inconceivable) that Plaintiff worked all 336 hours in that two-week period, Plaintiff's regular rate of pay would be $17.22, well over two times the federal minimum wage. During that two-week period, Plaintiff received 85.04% of his compensation from his share in the mandatory service charge pool. [ECF No. 21, Ex. A at ¶8]. This clearly demonstrates that Defendants are entitled to judgment as a matter of law on Plaintiff's overtime claim.[1]

Defendants are also entitled to summary judgment on the record keeping claim (Count II of the Complaint) by virtue of having prevailed on the overtime claim because section 211 of the

---

[1] Plaintiff reliance on *Spicer v. Pier Sixty, LLC*, 269 F.R.D. 321 (S.D. N.Y. 2010), and *Erichs v. Venator Group*, Inc., 128 F. Supp. 2d 1255 (N.D. Cal 2001) is misplaced. The *Spicer* and *Erichs* decisions stand for the proposition that the issue of whether the commission component of the employee's compensation constitutes a bona fide commission for purposes of the FLSA cannot be resolved on a motion for summary judgment. Plaintiff in this case, unlike the plaintiffs in *Spicer* and *Erichs,* was paid an hourly wage that exceed the minimum wage and received commissions that brought his regular rate of pay well above the one and half minimum wage requirement under section 207(i). The Eleventh Circuit has held that similar commission structures to the one Defendants used here are bona fide commission structures for purposes of the exemption under section 207(i). *Klinedinst. v. Swift Investments, Inc.,* 260 F.3d 1251, 1256 (11th Cir.2001).

FLSA does not provide a private cause of action solely for violations of the record keeping requirement in that statute. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir.2002); *Sanchez v. Truse Trucking, Inc.*, 2014 WL 3784109 at *2 n. 3 (M.D. N.C. Jul 31, 2014); and *Lopez v. Tri–State Drywall, Inc.*, 861 F.Supp.2d 533, 536–37 (E.D.Pa.2012) (collecting cases). As such, Defendants are also entitled to summary judgment on Count II of the Complaint.

### III.   CONCLUSION

Based on the foregoing, Defendant Seasalt and Pepper, LLC and Carlos Miranda respectfully ask that the Court enter an Order (i) dismissing Plaintiff Jorge Gutierrez's Complaint in its entirety, or alternatively granting summary judgment in their favor on all Counts of the Complaint and (ii) granting such further relief as is just and appropriate.

Respectfully submitted,

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
*Counsel for Defendant Seasalt and Pepper, LLC*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 375-5428
By:  /s/ Beshoy Rizk
   ROBERT ZARCO
   Florida Bar No. 502138
   rzarco@zarcolaw.com
   ROBERT F. SALKOWSKI
   Florida Bar No. 903124
   rsalkowski@zarcolaw.com
   BESHOY RIZK
   Florida Bar No. 093808
   brizk@zarcolaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 29, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of filing to the following attorneys:

Amanda Elizabeth Kayfus
Morgan & Morgan PA
600 N Pine Island Road, Suite 400
Plantation, FL 33324
akayfus@forthepeople.com

Counsel for Plaintiffs

                                                    /s/ Beshoy Rizk