UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22852-CV-UNGARO

JORGE GUTIERREZ on his own behalf
and on behalf of all similarly situated individuals,

    Plaintiff,

v.

SEASALT AND PEPPER, LLC, a Florida
Limited Liability Company,
CARLOS MIRANDA, individually, and
STEPHANE DUPOUX, individually,

    Defendants.
_____/

## AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JORGE GUTIERREZ ("Plaintiff"), on his own behalf and on behalf of those similarly situated, files this Complaint against Defendants, SEASALT AND PEPPER, LLC, ("SEASALT"), CARLOS MIRANDA, individually ("MIRANDA"), and STEPHANE DUPOUX ("DUPOUX") (collectively "Defendants"), and states as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former "Tipped Employees" of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive proper overtime premium pay, as required by law; (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) declaratory relief pursuant to 28 U.S.C. §2201; and (iv) attorneys' fees and costs.

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former "Tipped Employees" of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to repayment of the gratuity amounts improperly retained by Defendants, pursuant to the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.204(1), and Florida common law.

## JURISDICTION

3. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

4. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment and FDUTPA claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's unjust enrichment and FDUTPA claims.

7. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

## PARTIES

8. At all times material hereto, Plaintiff was, and continues to be, a resident of

Miami-Dade County, Florida.

9. At all times material hereto, SEASALT was, and continues to be, a Florida Limited Liability Company.

10. At all times material hereto, SEASALT was, and continues to be, engaged in business in Florida, with a principle place of business in Miami-Dade County, Florida.

11. Based upon information and belief, at all times material hereto, MIRANDA was, and continues to be, an individual resident of Miami-Dade County, Florida.

12. At all times material hereto, MIRANDA owned and operated SEASALT.

13. At all times material hereto, MIRANDA regularly held and/or exercised the authority to hire and fire employees of SEASALT.

14. At all times material hereto, MIRANDA regularly held and/or exercised the authority to determine the work schedules for the employees of SEASALT.

15. At all times material hereto, MIRANDA held and/or regularly exercised the authority to control the finances and operations of SEASALT.

16. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SEASALT; (b) determine the work schedules for the employees of SEASALT; and (c) control the finances and operations of SEASALT, MIRANDA is an employer as defined by 29 U.S.C. 201 *et. seq.*

17. Based upon information and belief, at all times material hereto, DUPOUX was, and continues to be, an individual resident of Miami-Dade County, Florida.

18. At all times material hereto, DUPOUX owned and operated SEASALT.

19. At all times material hereto, DUPOUX regularly held and/or exercised the authority to hire and fire employees of SEASALT.

20. At all times material hereto, DUPOUX regularly held and/or exercised the authority to determine the work schedules for the employees of SEASALT.

21. At all times material hereto, DUPOUX held and/or regularly exercised the authority to control the finances and operations of SEASALT.

22. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of SEASALT; (b) determine the work schedules for the employees of SEASALT; and (c) control the finances and operations of SEASALT, DUPOUX is an employer as defined by 29 U.S.C. 201 *et. seq.*

## **COVERAGE**

23. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

24. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

25. Defendants were, and continue to be, "employers" within the meaning of FLSA.

26. At all times material hereto, SEASALT was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA. Specifically, Defendants regularly received a variety of food products, ingredients, and beverages from out of state suppliers, among other items.

27. At all times material hereto, SEASALT was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

28. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

29. At all times material hereto, Defendants had more than two (2) employees.

30. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including meal ingredients, finished food products, soft drinks, alcoholic beverages, kitchen equipment and various other tools and materials necessary and integral to Defendants' business operations.

31. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA. Specifically, throughout his employment, and as part of his duties for Defendants, Plaintiff regularly processed credit card transactions with credit card companies, banks and third-party service providers that were located outside the State of Florida.

32. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

33. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

34. Defendants own and operate a seafood restaurant located in Miami, Florida.

35. Defendants employed and/or continue to employee well over fifty (50) servers, host(esses), bussers, runners, cooks, and bartenders, throughout the class period.

36. On or about November 2013, Defendants hired Plaintiff to work as an hourly paid, non-exempt "Tipped Employee."

37. Plaintiff's regular hourly rate was composed of $8.50 in hourly wages, in combination with a portion of tips which Plaintiff and other tipped employees received from Defendants' patrons, based on the quality of the service such tipped employees provided.

38. Throughout Plaintiff's employment, Defendants unilaterally imposed a minimum 18% gratuity on each customer's bill.

39. Plaintiff was paid only a portion of the mandatory 18% Defendants unilaterally imposed on each customer's bill.

40. Based on Defendants' representations to the general public, and more specifically to their patrons who ate and drank in their restaurant, consumers were led to believe that the 18% gratuity constituted a "tip" that was distributed to Defendants' tipped employees.

41. Upon information and belief, Defendants represented to the general public, the Internal Revenue Service ("IRS"), and their workers compensation insurance carrier, among others, that the aforementioned 18% minimum gratuity on each patron's check was a "tip" and not a "service charge."

42. For example, Defendants did not include amounts received from their patrons from the aforementioned 18% minimum gratuity in calculating their revenues, as reported to the IRS in 2013.

43. Similarly, Defendants did not include any portion of the 18% minimum gratuity paid to its tipped employees, including Plaintiff, in "wages" they reported to the IRS or to their workers compensation carrier, when they reported same to the IRS and their workers compensation carrier, both under the penalty of perjury.

44. As a result of Defendants' representations to the general public, their patrons/consumers, the IRS, and/or their workers compensation carrier, Defendants received a monetary benefit, because they received and kept monies from unsuspecting patrons, and then failed to pay corporate income tax on same, and paid artificially low workers compensation insurance premiums.

45. Defendants failed to report any portion of the aforementioned 18% gratuities paid to its tipped employees on such tipped employees' tax forms that they submitted to the IRS, or on Defendants' application for workers compensation insurance coverage.

46. Based on their sworn representations to their tipped employees, including Plaintiff, the IRS and their workers compensation carrier, that portions of the aforementioned 18% minimum gratuity charge paid to their tipped employees did not constitute "revenues" or "wages," but rather constituted "tips," Defendants are judicially estopped from claiming that such amounts were actually "revenues" or "wages" in this case.

47. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

48. Plaintiff was paid at a rate of $12.75 per hour for the hours he worked over forty (40) in a workweek.

49. Defendants failed to include any of Plaintiff's 18% gratuity in the calculation of Plaintiff's regular rate for purposes of calculating Plaintiff's overtime compensation, because they treated such payments as "tips" paid by their patrons.

50. At all times material hereto, Defendants treated the portion of the 18% charge paid out to Plaintiff as "tips." *See* Sample Paystub, attached hereto as **EXHIBIT A**.

51. Throughout Plaintiff's employment, Defendants characterized the 18% charge as a "tip" so that Defendants could attempt to avoid complying with Federal and state laws including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

52. Despite characterizing the 18% as a "tip," in an attempt to pay less federal and state taxes, Defendants refused to pay Plaintiff the full 18% gratuity to which he was entitled

under 29 C.F.R. 531.52.

53. Throughout his employment, Defendants failed to compensate Plaintiff at a rate of time and one-half Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week.

54. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week, as required by the FLSA.

55. Based on Defendants' representations to third-parties that the monies that constituted the 18% minimum gratuity were "tips," Defendants have been unjustly enriched, to the detriment of Plaintiff.

56. Defendants' knowing misrepresentation to its patrons/customers and its Servers, including Plaintiff, that the 18% minimum gratuity was a "tip," and their retention of portions of same nonetheless, constitutes a fraudulent business practice, which illegally denied Plaintiff and Defendants' other tipped employees the fruits of their labor.

57. Defendants have violated Title 29 U.S.C. §207, the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.204, and Florida common law from at least November 2013, and continuing through May 2014, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. Insufficient payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff' regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA;

    c.    Defendants failed to maintain proper time records as mandated by the FLSA;

    d.    Defendants engaged in deceptive and unfair trade practices in violation of the FDUPTA, and to the detriment of Plaintiff; and

    e.    Defendants have been unjustly enriched because they have collected tips from their patrons that were intended for their tipped employees, based on work that the tipped employees performed, and have impermissibly retained such tips, to the detriment of Plaintiff and their other tipped employees.

58. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiff and the class members were all "Tipped Employees" and performed the same or similar job duties as one another in that they served Defendants' patrons food and beverages.

60. Plaintiff and the class members were subjected to the same pay provisions in that they were all paid hourly, in combination with a portion of tips which Plaintiff and the class members received from Defendants' patrons.

61. For those hours Plaintiff and the class members worked in excess of forty (40) each workweek, Defendants failed to include any gratuity in the calculation of Plaintiff and the class members' overtime compensation.

62. Defendants were required to include the additional gratuity amounts that each Plaintiff and the class members received in their regular rate calculations for purposes of

calculating overtime.

63.  The result of Defendants' failure to include Plaintiff and the class members' gratuity in their regular rate calculation was a failure to pay Plaintiff and the class members the required overtime premiums due under the FLSA.

64.  Defendants' failures in this regard resulted from a common policy or practice wherein Defendants improperly calculated the class members' regular rate.

65.  This policy or practice was applicable to Plaintiff and the class members.

66.  Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied, and continues to apply, to all class members. Accordingly, the class members are properly defined as:

> **All "Tipped Employees" who worked for Defendants within the last three (3) years who were not compensated at the required overtime rates due under the FLSA.**

67.  Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper overtime with respect to Plaintiff and the class members.

68.  Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

69.  Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

70.  Defendants have failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

## **CLASS ALLEGATIONS**

71.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

72.     Plaintiff brings his FDUTPA and unjust enrichment claims on behalf of all persons who were employed by Defendants at any time since October 2009, to the entry of judgment in this case (the "Class Period"), who were "Tipped Employees" and who received a portion of the mandatory 18% gratuity charge Defendants unilaterally imposed on each customer's bill.

73.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 50 and 100 members of the Class during the Class Period.

74.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

75.     The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

76.     Specifically, Defendants improperly retained a portion of all of the class members' tips.

77. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in Defendants' improper retention of tips applied, and continues to apply, to all class members.  Accordingly, the class members are properly defined as:

> **All "Tipped Employees" who worked for Defendants within the last five (5) years and who received a portion of the mandatory 18% gratuity charge Defendants unilaterally imposed on each customer's bill.**

78. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

79. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

80. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether Defendants represented to the IRS, their workers compensation carrier, and/or federal and state tax authorities that the 18% service charge was a "tip;"

    b. Whether Defendants represented to the general public and their customers that the 18% gratuity constituted a "tip" that was distributed solely to Defendants' "Tipped Employees;"

    c. Whether Defendants are judicially estopped from now claiming the 18% gratuity is a "wage" based on Defendants' sworn misrepresentations;

    d. Whether Defendants have received improper monetary benefits by virtue of their misrepresentations;

e.  Whether Defendants have been unjustly enriched, to the detriment of Plaintiff, by virtue of their misrepresentations;

f.  Whether Defendants' knowing misrepresentation that the 18% charge was a "tip" constitutes a fraudulent and deceptive business practice; and

g.  Whether Defendant received an unfair competitive advantage over their competitors by virtue of Defendants' misrepresentations.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

81. Plaintiff re-alleges and re-avers paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

82. From November 2013, and continuing through May 2014, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week.

83. Plaintiff was, and is, entitled to be paid at one and one-half times Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week.

84. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

85. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at Plaintiff's properly calculated regular rate for all hours worked in excess of forty (40) hours in a single work week, when they knew, or should have known, such was, and is, due.

86. Defendants failed to properly disclose or apprise Plaintiff of his rights under the

FLSA.

87. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

88. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

89. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and one-half Plaintiff's regular rate for all overtime hours worked.

## COUNT II
## VIOLATION OF 29 C.F.R. 531.52

90. Plaintiff re-alleges and re-avers paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

91. Throughout Plaintiff's employment, Defendants unilaterally imposed an 18% gratuity on each customer's bill.

92. Plaintiff was paid only a portion of the mandatory 18% Defendants unilaterally imposed on each customer's bill.

93. Because the 18% was a tip presented to Plaintiff as a gratuity in recognition of the service he performed, pursuant to 29 C.F.R. 531.52, it is a tip, and properly considered the property of Plaintiff.

94. Because Defendants refused to pay Plaintiff the full 18% gratuity to which he was entitled, and have improperly retained Plaintiff's tips, they have violated 29 C.F.R. 531.52.

95. Plaintiff has been damaged as a result of Defendants' illegal retention of his tips.

96. Plaintiff is entitled to recover an amount equal to the tips Defendants illegally retained, an equal amount as liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

## COUNT III
## UNJUST ENRICHMENT

97. Plaintiff re-alleges and re-avers paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

98. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as Plaintiff's overtime claims.

99. Plaintiff performed work for Defendants as referenced above.

100. As part and parcel of Plaintiff's work, Defendants' customers presented Plaintiff with an 18% gratuity on each bill, which was the property of Plaintiff.

101. Defendants did not include any of Plaintiff's 18% gratuity in the calculation of Plaintiff's regular rate for purposes of calculating Plaintiff's overtime compensation.

102. Defendants refused to pay Plaintiff the full 18% gratuity to which he was entitled under 29 C.F.R. 531.52.

103. Defendants knowingly refused to compensate Plaintiff the full 18% gratuity to which he was entitled.

104. Defendants have been unjustly enriched as a result of their retaining Plaintiff's 18% gratuity. It would be unjust to allow Defendants to enjoy the fruits of Plaintiff's labor without proper compensation.

105. Plaintiff's unjust enrichment claim seeks the repayment of Plaintiff's 18% gratuity which was improperly retained by Defendants.

## COUNT IV
## VIOLATION OF FDUTPA

106. Plaintiff re-alleges and re-avers paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

107. This Court has supplemental jurisdiction over Plaintiff's FDUTPA claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as Plaintiff's federal overtime claims.

108. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") prohibits a very broad range of activities. FDUTPA makes it unlawful to engage in "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. Courts have regarded this prohibition as "extremely broad" when deciding whether a defendant's activities fall within it. *Furmanite America, Inc. v. T.D. Williamson, Inc.*, 506 F.Supp.2d 1134, 1147 n. 11 (M.D.Fla.2007) (internal quotation marks omitted). Moreover, § 501.211(2) "provides that any person who has suffered a loss as a result of such practices may commence a private action for actual damages and possibly attorneys' fees and court costs.... A practice is unfair under FDUTPA if it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id*. at 1145. And because § 501.201(2) was amended in 2001 to replace the word consumer with the word person, the legislature made clear that a person could sue under § 501.211(2) even though the unlawful practices did not involve a consumer transaction. *Id.* at 1145–47.

109. A business which fails to pay proper payroll taxes constitutes an unfair method

of competition because the business would be paying less taxes than a competing business that follows the tax laws and therefore would have more money to use to best those competing businesses. *Seijo v. Casa Salsa, Inc*., 2013 WL 6184969 (S.D. Fla. 2013).

110. Throughout Plaintiff's employment, Defendants characterized the 18% service charge as a "tip" so that Defendants could attempt to avoid complying with Federal and state laws including, but not limited to, the failure to pay Federal payroll taxes and state unemployment taxes.

111. The services Plaintiff provided to Defendants and Defendants' customers constitute "trade of commerce" under the FDUTPA.

112. The actions of Defendants as set forth above in characterizing the 18% gratuity as a "tip" are an unfair and deceptive trade practice prohibited by the FDUTPA, because consumers and Defendants' tipped employees alike were deceptively led to believe that the 18% gratuity was payable entirely to their tipped employees, but in fact it was not.

113. Defendants characterized the 18% service charge as a "tip" to intentionally deceive Plaintiff and to circumvent tax law in bad faith.

114. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages.

115. Pursuant to the FDUTPA, Plaintiff demands judgment against Defendants for damages attributable to Defendants' unfair and deceptive trade practices in an amount to be determined by this Court, together with interest, costs, attorneys' fees as provided for by Fla. Stat. §501.211, and for any and all other relief this Court deems just and proper under the circumstances.

## COUNT V
## DECLARATORY RELIEF

116. Plaintiff re-alleges and re-avers paragraphs 1 through 80 of the Complaint, as if fully set forth herein.

117. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

118. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

119. Plaintiff may obtain declaratory relief.

120. Defendants employed Plaintiff

121. Defendant SEASALT is an enterprise, subject to the coverage of the FLSA in 2013.

122. Defendant SEASALT is an enterprise, subject to the coverage of the FLSA in 2014.

123. Plaintiff was individually covered by the FLSA.

124. Defendants failed to pay Plaintiff time and one-half his regular rate of pay for all overtime hours worked.

125. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

126. Defendants failed to take affirmative steps to support a good faith defense.

127. Plaintiff is entitled to liquidated damages.

128. It is in the public interest to have these declarations of rights recorded.

129. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

130. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

131. It is in the interest of all current and former employees to get a declaratory judgment.

132. Plaintiff demands trial by jury

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against Defendants:

a. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

d. Awarding Plaintiff the declaratory relief sought herein;

e. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff' time worked in excess of forty (40) hours per work week;

  f.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  g.  Awarding Plaintiff repayment of the 18% gratuity which was improperly retained by Defendants;

  h.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and/or Fla. Stat. §501.211;

  i.  Awarding Plaintiff pre-judgment interest;

  j.  Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

  k.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

Dated: October 14, 2014

                   Respectfully Submitted,

                   **/s/ AMANDA E. KAYFUS**
                   Amanda E. Kayfus, Esq.
                   Florida Bar No. 92805
                   Andrew R. Frisch, Esq.
                   Florida Bar No. 27777
                   MORGAN & MORGAN, P.A.
                   600 N. Pine Island Road, Ste. 400
                   Plantation, FL 33324
                   Telephone: (954) 318-0268
                   Facsimile:  (954) 327-3013
                   E-mail: AKayfus@forthepeople.com
                   E-mail: AFrisch@forthepeople.com

                   Trial Counsel for Plaintiff