UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 14-22852-CV-UNGARO

JORGE GUTIEREEZ, et al.

    Plaintiffs,
vs.

SEASALT AND PEPPER, LLC, CARLOS
MIRANDA, AND STEPHANE DUPOUX,

    Defendants.

**DEFENDANTS SEASALT AND PEPPER'S, CARLOS MIRANDA'S,
AND STEPHANE DUPOUX'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

Defendants, Seasalt and Pepper, LLC ("Seasalt and Pepper"), Carlos Miranda, and Stephane Dupoux (collectively, "Defendants"), by and through undersigned counsel and pursuant to L. R. 7.1 and Federal Rule of Civil Procedure 12(b)(6), asks that the Court enter an order dismissing Plaintiff Jorge Gutierrez's Amended Complaint in its entirety and submit this Memorandum of Law, in support thereof, as follows:

**I.   INTRODUCTION**

Plaintiff Jorge Gutierrez's FLSA, common and state-law claims fail to state a claim upon which relief could be granted. The Amended Complaint conclusively establish that Plaintiff's claims under section 207 of the FLSA (Count I), and C.F.R. §531.52 (Count II), and Declaratory Relief that Defendants violated the FLSA by failing to pay Plaintiff overtime and to keep accurate employment records lack legal and factual merit. Plaintiff's state and common law claims are preempted by the FLSA because they rely on proof of the FLSA violations.

For the reasons stated below, Plaintiff's Amended Complaint should be dismissed with prejudice.

## II.  STATEMENT OF FACTS

In his Amended Complaint, Plaintiff changes his story for the third time. He no longer claims that Defendants failed to include his share of the eighteen percent (18%) mandatory charge it imposed on Seasalt and Pepper's patrons in calculating his regular for purposes of his overtime compensation [see Compl. at ¶34], or that the eighteen percent collected by Seasalt and Pepper is a discretionary tip that does not constitute a commission for purposes of the service establishment exemption to the FLSA overtime requirements. [ECF No. 28 at 11 – 12]. Plaintiff now claims that Defendants failed to compensate him at the statutory rate of one and one-half times his properly-calculated regular rate for all hours worked in excess of forty (40) hours in a single work week in violation of section 207 of the FLSA. Amended Compl. at ¶83.

Plaintiff also claims that Defendants refused to pay him the full 18% gratuity to which he was entitled in violation of 29 29 C.F.R. §531.52. *Id.* at ¶94. Plaintiff further alleges that Defendants were unjustly enriched by refusing to pay him the full 18% gratuity to which he is entitled under 29 C.F.R. §531.52. *Id.* at ¶104. Plaintiff also contends that Defendants violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq., by characterizing the 18% service charge as a tip to intentionally deceive and harm him. *Id.* at ¶¶113-114. Finally, Plaintiff asks the Court to declare that Defendants violated sections 207 and 211 of the FLSA by failing to by him overtime wages and to keep accurate time records of the hours he worked. *Id.* at ¶¶124 – 129.

As demonstrated below, Plaintiff's claims fail as a matter of law.

2

### III.   APPLICABLE STANDARD

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 669). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting *Iqbal*, 556 U.S. 680-81). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability.'" *Chaparro v. Carnival Corp.*, 693 F. 3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). But if allegations are indeed more conclusory than factual, then the court does not have to assume their

3

truth and must grant the motion to dismiss for plaintiff's failure to carry it pleading burden. *Mamani v. Berzain*, 654 F. 3d 1148, 1153–54 (11th Cir. 2011).

IV. <u>LEGAL ARGUMENT</u>

    **A.  Plaintiff' Failed To State A Claim Under Section 207 of the FLSA.**

In Count I of the Amended Complaint, Plaintiff alleges that Defendants failed to pay him overtime at the statutory rate of one and half time his regular rate of pay for all hours worked in excess of forty (40) hours in a single work week in violation of section 207 of the FLSA. Amended Compl. at ¶¶ 82 – 87.

Section 207 provides that "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. §207(1).

On or about November 2013, Defendants hired Plaintiff to work as an hourly paid, non-exempt tipped employee. Amended Compl. at ¶36. Plaintiff's regular hourly rate was composed of $8.50 in hourly wages, in combination with a portion of tips which Plaintiff and other tipped employees received from Defendants' patrons, based on the quality of the service such tipped employees provided. *Id.* at ¶37. Plaintiff worked for Defendants in excess of forty (40) hours within a work week at various times material to this lawsuit. *Id.* at ¶47. Plaintiff was paid at a rate of $12.75 per hour for the hours he worked over forty (40) in a workweek. *Id.* at ¶48.

The Amended Complaint conclusively establishes that Defendants complied with section 207 of the FLSA. Plaintiff was paid an hourly wage ($8.50) that exceeds the federal minimum wage provided for in section 206 and that Plaintiff was paid $12.75 for every work he worked in

excess of 40 hours in a single work week. Plaintiff can hardly that Defendants failed to comply with section 207 of the FLSA.

Plaintiff attempts to sidestep this argument by alleging that Defendants violated section 207 by failing to include any of his 18% gratuity in the calculation of his regular rate of pay for purposes of calculating his overtime compensation. Amended Complaint at ¶49. The problem with this argument is that it is inconsistent with the FLSA, the Department of Labor Regulations implementing the FLSA and well-established precedent in this District. Under section 203(m) of the FLSA, employers of tipped employees may consider such tips as a part of their wages, but employers must pay a direct wage of at least $2.13 per hour if they claim a "tip credit," which is the difference between the amount an employee must be paid under the minimum wage law and the amount direct paid to a tipped employee. 29 U.S.C. §203(m). The Department of Labor Regulations state that "Any tips received by the employee in excess of the tip credit need not be included in the regular rate." 29 C.F.R. §531.60.

Here, the Amended Complaint clearly establishes that Defendants did not take the tip credit, and thus, were not required to include any of Plaintiff's share of the 18% gratuity in his regular rate of pay. The Amended Complaint also established that Defendant paid Plaintiff time and half his regular hourly rate for every hour he worked in excess of 40 hours in a single work week. As such, Plaintiff's claim under section 207 of the FLSA fails as a matter of law. *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1349 (S.D. Fla. 2008).

### B. Plaintiff's Claim Under Section 531.52 Fails As A Matter Of Law.

Plaintiff also contends that Defendants violated 29 C.F.R. §531.52 because they refused to pay him the full 18% gratuity to which he was entitled. Amended Complaint at ¶94. As a preliminary matter, Plaintiff is not entitled to the full 18% gratuity that Seasalt and Pepper collects

5

from its patrons.[1] Plaintiff does not dispute that fact. To the contrary, paragraph 37 of the Amended Complaint makes it explicitly clear that Plaintiff would only receive a portion of tips which Plaintiff and other tipped employees received from Defendants' patrons, based on the quality of the service such tipped employees provided. *Id.* at ¶37.[2]

Leaving aside the inconsistencies in paragraphs 37 and 94 of the Amended Complaint, Plaintiff's claim under section 531.52 still fails because the regulation has been struck down as invalid and inconsistent with section 203(m) of the FLSA. Under section 203(m), in determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to-

> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. §203(m).

---

[1] Defendants assume (but do not concede) for purposes of this motion that the 18% service charge they collected from their patrons is a discretionary tip.

[2] Plaintiff's claim under section 531.52 also fails because the 18% gratuity that Seasalt and Pepper collected from its patrons does not constitute a tip under that regulation. For purposes of section 531.52, a [a] tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him ... [w]hether a tip is to be given, and its amount, are matters determined solely by the customer, and generally he has the right to determine who shall be the recipient of his gratuity." The Amended Complaint makes it abundantly clear that the 18% gratuity is not a tip. *See* Amended Compl. at ¶38 (defendants unilaterally imposed 18% gratuity on Seasalt and Pepper's patrons).

6

The issue of whether section 203(m), provided a nationwide freestanding code of conduct regarding the handling of tip money where the statute's minimum wage is otherwise met was first addressed in *Cumbie v. Woody Woo, Inc.*, 596 F. 3d 577 (9th Cir. 2010). In *Woody Woo*, the Ninth Circuit Court of Appeals pored over the text of section 3(m). It explained that the first sentence requires an employer to pay a tipped employee an amount equal to (1) a cash wage of at least $2.13, plus (2) an additional amount in tips equal to the federal minimum wage minus such cash wage. The second sentence clarifies that the difference between the federal minimum wage and the cash wage may not be greater than the value of tips actually received. Therefore, if the cash wage plus the value of tips actually received does not meet the federal minimum wage, the employer must supplement the cash wage. The third sentence states that the preceding two sentences shall not apply—i.e., the employer may not take a tip credit—unless two conditions are satisfied: (1) the employer must inform the employee of the tip-credit provisions of Section 3(m), and (2) the employee must be allowed to retain all tips, except where the employee participates in a tip pool with other customarily and regularly tipped employees. *Id.* at 579-80.

Relying on the language of section 3(m), the Ninth Circuit rejected plaintiff's argument that an employee must be allowed to retain all of his tips—except in the case of a valid tip pool involving only customarily tipped employees—regardless of whether the employer claims a tip credit, and stated that "[W]e cannot reconcile this interpretation with the plain text of the third sentence, which imposes conditions on taking a tip credit and does not state freestanding requirements pertaining to all tipped employees." *Id.* at 581. Noting the obligation to give effect, if possible, to every clause and word of a statute, the Ninth Circuit "decline[d] to read the third sentence in such a way as to render its reference to the tip credit, as well as its conditional language and structure, superfluous." *Id.*

7

The Ninth Circuit also went on to add that "[i]f Congress wanted to articulate a general principle that tips are the property of the employee absent a "valid" tip pool, it could have done so without reference to the tip credit." *Id.* at 581. Applying these canonical principals of statutory construction to the facts in *Woody Woo*, the Ninth Circuit held that "Cumbie received a wage that was far greater than the federally prescribed minimum, plus a substantial portion of her tips. Naturally, she would prefer to receive all of her tips, but the FLSA does not create such an entitlement where no tip credit is taken." *Id.* at 582-83.

Shortly after *Woody Woo* was decided, the Department of Labor revised section 531.52 to address the Ninth Circuit's opinion in *Woody Woo*, which the Department of Labor contended was incorrectly decided. The revised regulation states:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

29 C.F.R. §531.52.

Three district courts have recently addressed the validity of the revised regulation in 531.52 in light of the decision in *Woody Woo*. In *Oregon Restaurant and Lodging, Inc. v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013), the District Court for the District of Oregon found that the *Woody Woo* decision spoke directly to the issues addressed in the amended regulation and left no room for agency discretion. *Id.* at 1224 ("based on the clear and unambiguous text of the statute, the Court found that Congress intended only to limit the use of tips by employers when a tip credit is taken. This is not silence. This is repudiation. Therefore, I find that *Woody Woo* leaves no room for agency discretion here") (citations omitted)).

The *Solis* Court reasoned that even if it were free to ignore *Woody Woo*, it would still reach the same conclusion because "[t]he text of Section 3(m) is clear and unambiguous: It imposes

8

conditions on employers that take a tip credit but does not impose a freestanding requirement pertaining to all tipped employees." *Id.* Because Congress could have articulated a general principle that tips are the property of the employee without reference to the tip credit, but chose not to do so, the *Solis* Court "decline[d] to read Section 3(m) 'in such a way as to render its reference to the tip credit, as well as its conditional language and structure, superfluous." *Id.* at 1224 - 25.

After considering the purpose and structure of the FLSA, the *Solis* Court reached the conclusion that the new regulation did not coincide with the statutory objectives of and protections afforded in the FLSA. The *Solis* Court explained that in section 203(m), "Congress has given employers a choice: either pay the full minimum wage free and clear of any conditions, or take a tip credit and comply with the conditions imposed by Section 3(m)." *Id*. at 1225 (citations omitted). The new regulations, however, "prohibit the use of the tips by an employer even when the employer does not take a tip credit—i.e., even when the employer pays at least the full minimum wage. In so doing, the new regulations do not protected covered workers from substandard wages or oppressive working hours, nor do they vindicate any of the FLSAs specific statutory protections." *Id.*

Similarly, in *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D. N.Y. 2013), the District Court for the Southern District of New York stated:

> By its terms, Section 203(m) imposes conditions on tip-pooling arrangements as a means of vindicating the FLSA's minimum wage requirement. It is not plausibly read to impose a nationwide freestanding code of conduct regarding the handling of tip money where the statute's minimum-wage command is otherwise met. Had Congress intended to federalize tipping practices— i.e., to mandate generally that tips are the property of the employee absent a valid tip pool—it could and presumably would have expressed this intention without keying the tip-pooling requirements to the tip credit. Reading § 203(m) to implicitly impose such a mandate would render the FLSA's references to tip credits superfluous.

*Id.* at 562 (citations omitted).

Presented with the very same issue in *Stephenson v. All Resort Coach, Inc.*, 2013 WL 4519781 at *8 (D. Utah Aug. 26, 2013), the District Court for the District of Utah cited with approval *Woody Woo*, *Solis*, and *Trinidad*, and stated:

> The Court finds the reasoning of *Cumbie*, *Solis*, and *Trinidad* to be persuasive. Plaintiffs, like the parties in those cases, argue that all tips belong to them. Plaintiffs rely on 29 C.F.R. § 531.52 to support that contention. However, the regulation runs contrary to the plain language and structure of § 203(m).
>
> Section 203(m) permits an employer to take a tip credit and imposes restrictions on an employer that does so. One such restriction is that the employee retain all tips. That provision, however, ties the requirement that the tips be retained by the employee to the taking of a tip credit by an employer. It does not create a freestanding requirement pertaining to all tipped employees. Had Congress wanted to create such a requirement it could have easily mandated that all tips belong to the employee, without tying it to a tip credit. Congress did not impose such a requirement. Rather, Congress created a situation where employers can "either pay the full minimum wage free and clear of any conditions, or take a tip credit and comply with the conditions imposed by Section 3(m)." FN57 The regulations take away this Congressionally created choice and mandate that tips are property of the employee. This construction cannot be supported by § 203(m). Further, as explained in Solis, the regulations "do not protect covered workers from substandard wages or oppressive working hours, nor do they vindicate any of the FLSA's specific statutory protections.

*Id.* at *9.

Here, it is undisputed that Plaintiff was a part of a tipping pool that includes all of Seasalt and Pepper's tipped employees. Amended Complaint at ¶37; *see also Wajcman v. Investment Corp. of Palm Beach*, 2009 WL 465071 at *4 (S.D. Fla. Feb. 23, 2009) (the kinds of employees that may be included in a mandatory tip pool include waiters, bellhops, waitresses, countermen, busboys, service bartenders …"). The Amended Complaint also establishes that Defendants paid Plaintiff an hourly wage ($8.50). Assuming, as the Court is required to do on a motion to dismiss that Defendants did not disburse the full 18% gratuity to Plaintiff, Plaintiff's claim under 531.52 still fails because the tipping pool arrangement clearly does not violate section 203(m) of the FLSA. As such, Plaintiff's claim under section 531.50 should be dismissed with prejudice. Cesarz

v. Wynn Las Vegas, LLC, 2014 WL 117579 at * 3 (D. Nev. Jan. 10, 2014) (granting defendant's motion to dismiss on plaintiff's claim under 531.52 because there is no basis for concluding that a tip-pooling arrangement by an employer who does not use a tip credit, i.e., who pays employees the minimum wage directly in cash wages, violates section 3(m)).

### C. Plaintiff Is Not Entitled To Declaratory Relief.

In Count V of the Amended Complaint, Plaintiff asks the Court to declare that Defendants have violated section 207 of the FLSA by failing to pay Plaintiff one and half time his regular rate of pay for all overtime hours worked, that Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c), and that Plaintiff failed to take affirmative steps to support a good faith defense. Amended Complaint at ¶¶116 – 132.

Plaintiff is not entitled to the declaratory relief he seeks on his claim under section 207 of the FLSA for the reasons stated in section III(A) of this Memorandum, *supra*. Nor is he entitled to the relief sought under section 211 of the FLSA because that statute does not provide a private cause of action solely for violations of the record keeping requirement in that statute. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir.2002); *Sanchez v. Truse Trucking, Inc.*, 2014 WL 3784109 at *2 n. 3 (M.D. N.C. Jul 31, 2014); and *Lopez v. Tri–State Drywall, Inc.*, 861 F.Supp.2d 533, 536–37 (E.D.Pa.2012) (collecting cases). Accordingly, Count V of the Amended Complaint should be dismissed with prejudice.

### D. Plaintiff's State And Common Law Claims Are Preempted By The FLSA

Plaintiff also asserts a common law claim for unjust enrichment (Count III) and a state-law claim under FDUPTA (Count IV). Both claims are predicted on Defendants' purported FLSA violations. Specifically, paragraph 104 of the Amended Complaint states that "Defendants have been unjustly enriched as a result of their retaining Plaintiff's 18% gratuity. It would be unjust to allow Defendants to enjoy the fruits of Plaintiff's labor without proper compensation." Amended

11

Compl. at ¶104. With respect to his FDUPTA claim, Plaintiff alleges that Defendants, in characterizing the 18% gratuity as a "tip" deceptively led consumers and Defendants' tipped employees to believe that the 18% gratuity was payable entirely to their tipped employees, but in fact it was not. *Id.* at ¶114. Plaintiff goes on to stay that as a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages. *Id.* at ¶115.

Plaintiff's unjust enrichment and FDUPTA claims are preempted by the FLSA. It is well-settled that section 216 of the FLSA is the exclusive remedy for enforcing rights created under the Act. *Tombrello v. USX Corp.*, 763 F. Supp. 541, 545 (N.D.Ala.1991). "As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to [a] FLSA claim." *Id.*

Courts dismiss duplicative state law and common law claims where they rely on proof of the same facts as of the FLSA claims. *Bule v. Garda CL Southeast, Inc.*, 2014 WL 3501546 at *2 (S.D. Fla. Jul. 14, 2014) (granting defendant's motion to dismiss plaintiff's quantum meruit and unjust enrichment claims as duplicative of the FLSA claims); Bouthner *v. Cleveland Constr. Inc.,* 2011 WL 2976868, at *7 (D. Md. July 21, 2011) ("a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA. Defendants' motion to dismiss Plaintiffs' unjust enrichment claim as it relates to any claim of failure to pay minimum wages or overtime under the FLSA is GRANTED."); *Helm v. Alderwoods Grp., Inc.*, 696 F.Supp.2d 1057, 1076 (N.D.Cal.2009) (the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)").

Here, Plaintiff can hardly argue that the unjust enrichment and FDUPTA claims do not rely on the proof of the alleged FLSA violations by Defendants. Indeed, all five claims arise out of the same nucleus of operative facts pertaining to the overtime wages claim and unpaid tip claim. Therefore, the unjust enrichment and FDUPTA claims are preempted by the FLSA and as such,

must be dismissed with prejudice.

With respect to the FDUPTA Claim, apart from the fact that the claim is preempted by the FLSA, the claim also fails because Plaintiff does not have standing to bring this claim. Plaintiff cites *Furmanite America, Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1145 (M.D. Fla. 2007) for the proposition that any person who has been harmed by Defendants' deceptive practices may bring a FDUPTA claim under section 501.211. This argument is wrong. *Dobbins v. Scriptfleet, Inc.*, 2012 WL 601145 at *5 (M.D. Fla. Feb 23, 2012) (granting employer's motion to dismiss of employee's FDUPTA claim for lack of standing because plaintiff cannot establish that he was a consumer for purposes of section 501.211).

### E.  Plaintiff's FLSA Collective Action Allegations Should Be Dismissed.

In Counts I and II of his Amended Complaint, Plaintiff alleges violations of the FLSA against Defendants on behalf of himself and other "similarly situation." Amended Compl. at ¶¶ 59 - 70.  In his prayer for relief, Plaintiff asks the Court to designate this action as a collective action as a collective action on behalf the collective action member.

The FLSA permits a collective action to be maintained against any employer by any one or more employees for and on behalf of themselves and other employees similarly situated. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir.2008) (citing 29 U.S.C. § 216(b)). Employees must be "similarly situation" regarding their job requirements for the case to proceed as a collective action. *See id.*

Here, the Amended Complaint contains no description of the job duties and pay provisions of the allegedly similarly situations employees. Instead, Plaintiff conclusorily alleges that the class members were all tipped employees and performed the same or similar jobs and dues as one another in that they served Defendants' food and beverages and that the they were subject to the same pay provisions in that they were all paid hourly, in combination with a portion of the tips

which Plaintiff and the class members received from Defendants' patrons. Amended Compl. at ¶¶ 59 - 60.  These conclusory allegations does not discuss, let alone, show that the proposed members of the collective action are similarly situated. Therefore, the collection action claim should be dismissed. *Bule, supra*, 2014 WL 3501546 at *4 ("The Complaint contains no factual basis by which to assess whether Plaintiff and the other employees are similarly situated. Accordingly, this Court finds that Plaintiff's collective action allegations should be dismissed").

**V.     CONCLUSION**

Based on the foregoing, Defendants Seasalt and Pepper, LLC, Carlos Miranda and Stephane Dupoux respectfully asks that the Court enter an Order (i) dismissing Plaintiff Jorge Gutierrez's Amended Complaint in its entirety, and (ii) granting such further relief as is just and appropriate.

Respectfully submitted,

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
*Counsel for Defendant Seasalt and Pepper, LLC*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 375-5428
By: _/s/ Beshoy Rizk_____
    ROBERT ZARCO
    Florida Bar No. 502138
    rzarco@zarcolaw.com
    ROBERT F. SALKOWSKI
    Florida Bar No. 903124
    rsalkowski@zarcolaw.com
    BESHOY RIZK
    Florida Bar No. 093808
    brizk@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 24, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of filing to the following attorneys:

Amanda Elizabeth Kayfus
Morgan & Morgan PA
600 N Pine Island Road
Suite 400
Plantation, FL 33324
954-318-0268
Fax: 954-327-3017
akayfus@forthepeople.com

Counsel for Plaintiffs

                                                                            /s/ Beshoy Rizk