IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JORGE GUTIERREZ on his own behalf
and on behalf of all similarly situated individuals,

   CIVIL ACTION
 Plaintiff,   CASE NO: 1:14-cv-22852-UU
v.

SEASALT AND PEPPER, LLC, a Florida
Limited Liability Company,
CARLOS MIRANDA, individually, and
STEPHANE DUPOUX, individually,

 Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiff, Jorge Gutierrez, by and through the undersigned counsel, hereby files his Response in Opposition to Defendants Seasalt & Pepper, LLC, Carlos Miranda, and Stephane Dupoux's Motion to Dismiss Plaintiff's Amended Complaint and in support thereof states as follows:

**INTRODUCTION**

On October 14, 2014, Plaintiff filed his Amended Complaint against Seasalt & Pepper, LLC ("Seasalt and Pepper"), Carlos Miranda ("Miranda"), and Stephane Dupoux ("Dupoux") (collectively, "Defendants"), on behalf of all similarly situated current and former tipped employees, alleging that Defendants failed to pay proper overtime wages in violation of the Fair Labor Standards Act. *See* D.E. 41. Plaintiff's Amended Complaint also included a claim for unjust enrichment, stemming from Defendants' improper retention of Plaintiff's tips. *See id.* In addition, Plaintiff's Amended Complaint plead a FDUTPA claim, alleging Defendants unfairly

and deceptively led their consumers and tipped employees to believe all gratuities were payable entirely to their tipped employees, when in fact they were not. *See id.*

In lieu of filing an Answer to Plaintiff's Amended Complaint, Defendants filed a Motion to Dismiss ("Motion"). *See* D.E. 44. Despite the low pleading burden that the Eleventh Circuit has held to be applicable to cases brought pursuant to the Fair Labor Standards Act ("FLSA"), and the detailed factual allegations made in Plaintiff's Amended Complaint ("Complaint"), Defendants argue that same should be dismissed for failure to state a claim. In light of the sufficiency of Plaintiff's allegations, and because well-established authority holds that Plaintiff's allegations are not subject to dismissal at the pleading stage, this Court is due to deny Defendants' Motion in its entirety. Moreover, Defendants ask this Court to ignore well-established law and find that because Defendants did not take a tip credit towards their minimum wage obligations, Defendants are thus permitted to steal Plaintiff's wages. Defendants' position in this regard is unsupported by relevant law. Contrary to Defendants' assertions, the Department of Labor has clearly and unambiguously held that Defendants' act herein—retention of their tipped employees' wages—violates the law. Thus, Defendants' argument in this regard is without basis as well. Defendants also ask the Court to dismiss Plaintiff's request for declaratory relief. This District has routinely held that declaratory relief claims are allowable under FLSA claims, especially when claims are brought on behalf of current employees. Consistent with those decisions, Plaintiff's declaratory relief count, which is brought on behalf of a class of current and former employees, should be allowed to proceed, and consequently Defendants' Motion should be denied on this grounds as well. Finally, Defendants' argument that Plaintiff's unjust enrichment and FDUPTA claims preempt the FLSA fails as well. Plaintiff's unjust enrichment and FDUPTA claims, which are pled in the alternative to Plaintiff's tip retention

claims, are *independent* from the FLSA claim, are not predicated on a finding that Defendants violated the FLSA, and seek separate and distinct remedies that the FLSA does not provide. For all of these reasons, Defendants' Motion is due to be denied.

## MEMORANDUM OF LAW

### I. Plaintiff's Amended Complaint Sufficiently Pleads a Cause of Action Under the FLSA

#### A. Standard of Review

It is well-established that "[i]n deciding a motion to dismiss, the court may only examine the four corners of the complaint." *Madura v. Lakebridge Condo. Ass'n Inc.*, No. 07-CIV-2274-17-EAJ, 2008 WL 2329406, at *1 (M.D. Fla. June 4, 2008); *See Bradley v. Leavitt*, No. 07-CV-1690-Orl-31GJK, 2008 WL 2405028, at *10 (M.D. Fla. June 9, 2008) ("it is improper for the Court to consider any exhibits attached to a motion to dismiss or any exhibits attached to a plaintiff's response to a motion to dismiss"). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." *Id.* In deciding a motion to dismiss, the Court must "accept all the factual allegations in the complaint as true" and "evaluate all inferences derived from those facts in the light most favorable to the plaintiff." *Padjuran v. Aventura Limousine & Transp. Serv., Inc.*, 500 F. Supp. 2d 1359, 1361 (S.D. Fla. 2007). "Unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the complaint should not be dismissed on grounds that it fails to state a claim upon which relief can be granted." *Id.* (emphasis added).

In an FLSA case, such as the one at bar, the set of facts a plaintiff must allege to survive dismissal is not complex. In fact, according to the Eleventh Circuit, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Schlinsky v. Action*

*Video Prods., Inc.*, No. 09-CIV-61779, 2010 WL 227910, at *2 (S.D. Fla. Jan. 13, 2010), (quoting *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)). In order to plead an FLSA claim, Plaintiff must only allege: (1) an employment relationship; (2) individual or enterprise coverage under the FLSA; and (3) that Plaintiff worked over 40 hours in a workweek but was not paid overtime. *Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Plaintiff's claims need not be overly detailed but merely sufficient to state a claim under the FLSA. *See Anish v. Nat'l Secs. Corp.*, No. 10-80330-CIV, 2010 WL 4065433 *2 (S.D. Fla. Oct. 15, 2010) (rejecting defendant's demand for specific hours that were owed and rates of pay, the court found that plaintiff's general allegations that he was an employee covered by the FLSA, that defendant failed to pay him time and one-half as well as minimum wages, and that defendant was an enterprise engaged in interstate commerce was sufficient). Each of these necessary allegations is present in Plaintiff's Complaint in this matter.

Pursuant to this binding authority, and as more fully set forth below, Plaintiff's Complaint is legally sufficient to state a claim under the FLSA, and the Court should therefore deny Defendant's Motion to Dismiss.

### B. The Allegations in Plaintiff's Complaint Meet the Eleventh Circuit's Pleading Standard for FLSA Cases.

In his Complaint, Plaintiff alleges that: (1) he performed work as Defendants' employee (*see* D.E. 41 at ¶¶23-25, 36); (2) Defendants are an enterprise covered by the FLSA (*id.* at ¶¶26-32); (3) Plaintiff worked overtime hours, for which Defendants failed to properly compensate him at the appropriate overtime premium rates (*id.* at ¶¶49, 52-54, 57, 61-67, 82-83); and (4) Defendants failed to maintain proper payroll records in accordance with the FLSA (*id.* at ¶¶50-52, 57). Plaintiff's detailed factual allegations set forth each element of an FLSA claim, are sufficient to give Defendants fair notice of Plaintiff's claims, and thus are sufficiently plead. As

courts within this District and Circuit have consistently recognize, Plaintiff has not only met, but exceeded the Eleventh Circuit pleading standard for a case arising from allegations of unpaid overtime.  *See, e.g., Devia v. Picasso Clothing Care, Inc.*, No. 07-22079-CIV-JORDAN, 2008 WL 4500312 (S.D. Fla. Sept. 30, 2008); *see also Labbe, Schlinsky, supra; Anish v. National Securities Corporation,* 2010 WL 4065433 (S.D. Fla. Oct. 15, 2010).

Plaintiff's Complaint alleges that hours worked over 40 per week were not compensated at an overtime rate.  (*See* D.E. #41, ¶¶ 49, 52-54, 57, 61-67, 82-83).  A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation ... under the FLSA does not require more." *Mitial*, 2012 WL 2524272, at *3 (quoting *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008)). To the extent that Defendants seek more specific information from Plaintiff (and potential collective-action members), discovery can provide Defendants with such data, as the lack of this information is not grounds for dismissal at this initial pleading stage. *See Mitial*, 2012 WL 2524272, at *3.

In line with this binding authority, Plaintiff's Complaint is inarguably sufficient to meet his pleading burden at this early stage in the case.  Therefore, Defendants' Motion should be denied on this basis alone.

## II. The DOL's Regulations Explicitly State That Defendants' Acknowledged Pay Practice is Illegal

Defendants contend that because they paid Plaintiff an hourly rate that exceeded the federal minimum wage, they were permitted to retain Plaintiff's tips. In other words, Defendants argue that since they did not take a tip credit towards their minimum wage obligations, they were free to retain some or all of the tips Plaintiff received from their patrons. Of course, this is not the law.  Pursuant to its rulemaking authority, the Department of Labor has promulgated a gap filling measure which explicitly outlaws the very practice Defendants acknowledge they engaged in

here. *See* 29 C.F.R. 531.52. This regulation explicitly states that "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit…" *Id.* Because this regulation is a gap filling measure, it is entitled to *Chevron* deference and the Court is constrained to follow the regulation. For this reason, Defendants' argument necessarily fails.

Congress, the Department of Labor, the Supreme Court, and other circuits, have all concluded that, with the exception of a valid tip pool or tip sharing arrangement, tips are the property of the employee and must be retained by the employee. *See, e.g,* 29 U.S.C. § 203(m) (an employer may not take a tip credit for an employee unless the employee qualifies as a tipped employee, is properly informed, and all tips received by the employee have been retained by the employee, except for a valid tip pool); 29 C.F.R. § 531.52 ("[t]ips are the property of the employee . . . ."); DOL Fact Sheet # 15 ("[w]here a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool and the full $7.25 minimum wage."); Wage and Hour Field Operations Handbook, § 30d01(b) & (b)(1) ("[w]here an employer does not strictly observe the provisions of Sec 3(m), no tip credit may be claimed and the employees are entitled to receive the full cash [minimum wage], in addition to any tips they may have received . . . ."); *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977) ("tips belong to the employee to whom they are left."); *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397 (1942) ("where tipping is customary, the tips – in the absence of an 'explicit contrary understanding' – belong to the recipient."). Defendants' contrary assertions are misguided.

To ascertain Congress' intention of this issue, this Court must turn to traditional tools of statutory construction. *See Contreras-Bocanegra v. Holder*, 678 F. 2d 811, 816 (10th Cir. 2012). In *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* the Supreme Court established a two-step process in evaluating agency regulations. First, the Court looks at "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." If congressional intent is ambiguous, the Court proceeds to the second step in the *Chevron* analysis to determine "whether the agency's answer is based on a permissible construction of the statute." "Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Further, "[a] court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion."

Under that two-step test, the issue this Court first must decide is whether Congress, when it amended section 3(m) of the FLSA in 1974, "directly addressed the precise question at issue[,]" *i.e.*, whether the FLSA governs an employer's use of its employees' tips when the employer does not take a tip credit. *Mayo Found. for Med. Educ. & Research v. United States,* 131 S. Ct. 704, 711 (2011) (quoting *Chevron*, 467 U.S. at 842-43). The answer to that question is no. As the Ninth Circuit held in *Cumbie v. Woody Woo, Inc.*, the very case on which Defendants rely, section 3(m) applies only to those employers who take a tip credit toward their minimum wage obligation and delineates the conditions with which employers must comply to avail themselves of the FLSA's tip credit provision. *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580-

82 (9th Ci. 2010) (noting that the FLSA does not address whether tips are solely the property of the employee or the employer, nor does it "restrict tip pooling when no tip credit is taken [by the employer]"). Section 3(m) is silent with respect to the use of employees' tips by employers who do *not* take a tip credit. Thus, the Court must determine whether the applicable administrative agency has spoken on that issue and, if so, whether the agency's interpretation is based on a permissible construction of the statute. *See id*. The answer to both of these questions is "yes."

The United States Department of Labor (the "DOL") drafted 29 C.F.R. Part 531.52 to interpret generally the provisions of section 203(m) of the FLSA. In this regard, the DOL stated as follows:

> A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity. Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool. Only tips actually received by an employee as money belonging to the employee may be counted in determining whether the person is a "tipped employee" within the meaning of the Act and in applying the provisions of section 3(m) which govern wage credits for tips."

29 C.F.R. 531.52. The DOL's clear guidance in this regard is not inconsistent with the FLSA or any other congressional expression of intent because, as noted above, Congress has remained silent on this issue. The DOL's guidance acts instead to fill the gap left implicitly or explicitly by Congress on the use of employees' tips when no credit is taken. *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 165 (2007); *see also Barnhart v. Walton*, 535 U.S. 212, 218 (2002) ("[S]ilence, after all, normally creates ambiguity. It does not resolve it."); *Senger v. City*

*of Aberdeen, SD*, 466 F.3d 670, 672 (8th Cir. 2006) (recognizing Department's authority to fill a "gap" in the FLSA's regulatory scheme). Furthermore, because these gap-filling rules are legislative, they have the force of law, and are "binding upon all persons, and on the courts, to the same extent as a congressional statute." *Nat'l Latino Media Coalition v. Federal Commc'ns Comm'n*, 816 F.2d 785, 788 (D.C. Cir. 1987); *see Miller v. California Speedway Corp.*, 536 F.3d 1020, 1033 (9th Cir. 2008) ("[L]egislative rules 'create rights, impose obligations, or effect a change in existing law pursuant to authority delegated by Congress.'") (citation omitted).

The DOL even further defined the intent of the FLSA with regard to tips when it issued the Fact Sheet Number 15, attached hereto as **EXHIBIT A**. The Fact Sheet specifically states that "[t]ips are the property of the employee, adding that "[t]he employer is prohibited from using an employee's tips for any reason other than as a credit against its minimum wage obligation to the employee ('tip credit') or in furtherance of a valid tip pool." *Id.* In sum, the DOL has made it clear that contrary to Defendants' assertions, Plaintiff and other similarly situated tipped employees must be allowed to retain their tips, and Defendants may not retain the tips in whole or in part.

### III.  Courts Outside of the Ninth Circuit Defer to the DOL's Regulation

Tellingly, Defendants support their argument regarding the retention of tips entirely with cases from within the Ninth Circuit.[1] However, no Court outside the Ninth Circuit has ever held that Defendants' acknowledged pay practice complied with the FLSA.  In fact, both before and after *Woody Woo*, Courts have held that tips belong to employees, regardless of whether a tip

---

[1] Notably, even the cases to which Defendants cite fail to stand for the holding Defendants set forth. Specifically, in *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F.Supp.2d 545 (S.D.N.Y. 2013), the court addressed the issue in response to Plaintiff's Motion for Conditional Certification. Even there, the court declined to strike Plaintiff's claims. *Id.* ("For the time being, the Court will not strike the tip-pooling claims of those plaintiffs who have opted in to the case and who articulate such a theory.")

credit is taken or not. *See, e.g., Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977), *cert. denied*, 433 U.S. 915 (1977); *Usery v. Emersons Ltd. et al.*, 1976 WL 1168, at *4 (E.D. Va. 1976), *vacated & remanded on other grounds sub. nom.; Marshall v. Emersons Ltd.*, 593 F.2d 565 (4th Cir. 1979); *Winans v. W.A.S. Inc.*, 112 Wash.2d 529, 772 P.2d 1001 (Wash. 1989); *Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. 2007); *Bonham v. Copper Cellar Corp.*, 476 F. Supp. 98 (E.D. Tenn. 1979).

Moreover, *Oregon Restaurant and Lodging Ass'n et al. v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013), in which the U.S. District Court for the District of Oregon declared the DOL's 2011 regulations invalid, has in enforcement to the parties in that case.  To that end the DOL has issued a disclaimer whereby it agreed not to enforce its tip retention requirements against only two specific groups: (1) those plaintiffs involved specifically in the Solis litigation; and (2) those employers who have not taken a tip credit in jurisdictions within the Ninth Circuit. *See* Disclaimer, attached hereto as **EXHIBIT B**. In other words, 29 C .F.R. 531.52 remains the law of every Circuit, including the Eleventh Circuit, with the exception of the Ninth Circuit. As such, "the law of the land" is that as promulgated by the DOL: employers may not retain their employees' tips under any circumstances, regardless of whether they purport to take a "tip credit" or not.  *See id.*

### IV. Plaintiff Has Adequately Stated a Claim for Declaratory Relief

Defendants also seek to dismiss Plaintiff's count for declaratory relief, brought on behalf of himself and other similarly situated current and former tipped employees. Pursuant to 28 USCA § 2201(a), in a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be

sought.  *See* 28 U.S.C. § 2201(a). The right to declaratory relief in FLSA cases has consistently been recognized by courts throughout the United States.  *See Kreher v. City of Atlanta, Georgia*, 2006 WL 739572 (N.D.Ga. 2006)(Police officers seek additional count for declaratory judgment in addition to overtime claim); *see also Biggs v. Wilson*, 828 F.Supp. 774 (E.D. Cal. 1991); *Tierney v. Schwiker*, 718 F. Supp. 2d. 449, 457 (D.C. Cir. 1983).

This Circuit has consistently allowed claims for declaratory relief count to go forward in FLSA cases despite similar arguments from Defendants.  *See Puleo v. SMG Property Management, Inc.*, Case No.: 6:08-cv-86-Orl-22DAB, 2008 WL 3889727 (Fla.M.D. Aug. 2008) (J. Conway); *McAllister v. Southwest Signal Co.*, Case No. 8:10-cv-02742 Doc. 12 (M.D. Fla. Jan. 24, 1011) (J. Moody) ("there is no authority suggesting that a plaintiff cannot seek declaratory relief against a defendant in an FLSA case"); *Snyder v. Glen Lakes P'shit Ltd.*, 2011 WL 2881843 (M.D. Fla. 2011) (Plaintiff brings his claims on behalf of himself and other similarly situated employees (current or former)). As Judge Moody clearly held in *Snyder*, the declaratory relief count could proceed because it was brought on behalf of current and former employees. *Snyder*, 2011 WL 2881843 at p.1 (Plaintiff seeks a declaration that Defendant failed to keep accurate time records, which could impact current employees who choose to opt-in to the case).  Other Courts have decided that the better approach is to withhold any ruling on dismissal of the Declaratory Relief count until after deciding the issue of conditional certification.  *See Hart v. JP Morgan Chase Bank, N.A.*, Case No.:8:12-cv-00470-JDW-TBM Doc. 25 (M.D.Fla. June 20, 2012, J. Whittemore); *citing Snyder,* 2011 WL2881843. In sum, so long as the declaratory relief count could benefit current employees, it should be allowed.

Here, Plaintiff has sufficiently stated a claim for declaratory relief under the Declaratory Judgment Act.  Count V of the Complaint asks the Court to clarify and settle various legal issues

related to the case, including coverage, liquidated damages, and the Defendants' failure to keep accurate records as required by law. For the same reasons asserted above, Plaintiff's Declaratory Relief count serves a purpose to current employees, and Defendants' Motion to dismiss same should be denied.

**V. Plaintiff's FDUPTA and Unjust Enrichment Claims, Which Seek Relief Independent of the FLSA, Are Not Preempted**

In their Motion to Dismiss, Defendants ask this Court to dismiss Plaintiff's unjust enrichment and FDUTPA claims, arguing both claims are preempted by the FLSA. A federal statute may preempt state law in three ways: (1) expressly, (2) impliedly, or (3) if there is an actual conflict between a federal and a state law. *See, e.g., Garcia v. Wyeth-Ayerst Labs.,* 385 F.3d 961, 965 (6th Cir. 2004). Defendants argue the unjust enrichment and FDUTPA claims are preempted by the FLSA because they are based on the same underlying facts and seek the same relief as the FLSA claims. However, Plaintiff's unjust enrichment and FDUTPA claims are not preempted by the FLSA because they are independent from Plaintiff's FLSA claim, they are not predicated on a finding that Defendants violated the FLSA, and they seek separate and distinct remedies that the FLSA does not provide.

Indeed, the unjust enrichment claim seeks the repayment of Plaintiff's 18% gratuity which was improperly retained by Defendants. Similarly, Plaintiff's FDUTPA claim seeks damages attributable to Defendants' unfair and deceptive trade practices. Conversely, the FLSA only provides for damages resulting from failure to pay proper overtime and minimum wages. Plaintiff's unjust enrichment and FDUTPA claims, therefore, are separate and distinct claims with separate and distinct remedies from Plaintiff's FLSA claim. Additionally, if successful, the unjust enrichment and FDUTPA claims will allow Plaintiff to recover remedies that the FLSA does not—repayment of the 18% gratuity Defendants improperly retained, and any damages this

Court determines are attributable to Defendants' unfair and deceptive trade practices. As such, Plaintiff's unjust enrichment and FDUTPA claims do not seek the same relief as his FLSA claims, and as such, they are not preempted by the FLSA.  Further, Plaintiff asserts both the unjust enrichment and FDUTPA claims in the alternative to Plaintiff's FLSA claims, so that the unjust enrichment and FDUTPA claims would only be adjudicated if the FLSA claims were dismissed and there were no adequate remedy at law. Federal Rule of Civil Procedure 8(e)(2) permits a party to plead alternative theories of relief under both legal and equitable grounds, even if the theories are inconsistent. Here, Plaintiff has plead alternative theories by pleading the unjust enrichment and FDUTPA claims along with Plaintiff's claims under the FLSA. Dismissal of these claims is therefore inappropriate.

Where the FLSA and state law supplemental claims are independent, most courts, including in the Eleventh Circuit and this District, have held that the state law claim is not preempted. *See Gonzalez v. TZ Ins. Solutions, LLC*, 2014 WL 103524, at *2 (Judge Covington denied Defendant's Motion to Dismiss unjust enrichment claims in FLSA case); *Scantland v. Jeffry Knight, Inc.*, 2010 WL 4117683, at *4 (M.D. Fla. 2010) (same) (citing *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416 (D.C. Cir. 2006); *see also Jackson Healthport Technologies, LLC*, 1:11-cv-1687-SCJ (N.D. GA. June 29, 2011) (allowing unjust enrichment claim to proceed where plaintiffs sought time spent working during workweeks where the earned in excess of minimum wage); *see, e.g., Carter v. Jackson-Madison County Hospital District*, 2011 U.S. Dist. LEXIS 36163, at *30-35 (W.D. Tenn. Mar. 31, 2011) (unjust enrichment claim not preempted by FLSA because it sought separate and independent relief for unpaid work performed during weeks in which employee's total hours did not exceed forty); *Sosnowy v. A. Perri Farms, Inc.*, 2011 U.S. Dist. LEXIS 13702, at *30-35 (E.D.N.Y. Feb. 10, 2011) (dismissing plaintiff's unjust

enrichment claim nut allowing him leave to amend to assert unjust enrichment claim independent of the FLSA and acknowledging that unjust enrichment claim not preempted by FLSA if it is not based on a violation of the FLSA); *Monahan v. Smyth Auto., Inc.*, 2011 U.S. Dist. LEXIS 9877, at *14-15 (S.D. Ohio Feb. 2, 2011) ("Clearly, unjust enrichment, while possibly based on many of the same facts, is not a claim duplicative of an FLSA claim, as the two do not share the same elements or require the same recovery.  Therefore, the court finds that a claim for unjust enrichment simply does not interfere with or create any obstacles to the FLSA scheme, and the two theories are not in conflict."); *Robertson v. LTS Mgmt. Servs. LLC,* 642 F. Supp.2d 922, 928 (W.D. Mo. 2008) (independent state law claims, including unjust enrichment, were not preempted); *Osby v. Citigroup, Inc.,* 2008 U.S. Dist. LEXIS 39041, *6-7 n.1 (W.D. Mo. May 14, 2008) (unjust enrichment claim not preempted by FLSA because it was based on state law, not the FLSA).  Accordingly, for the reasons set forth above, Defendants' Motion should be denied in this regard.

### VI. Plaintiff Has Standing to Maintain His FDUTPA Claim

Defendant argues that Plaintiff does not have standing to maintain a FDUTPA action because Plaintiff is not a "consumer." Many cases, however, hold that non-consumers may sue under FDUTPA.  See *Kelly v. Palmer, Reifler & Assocs., P.A.,* 681F.Supp.2d 1356, 1372–74 (S.D.Fla.2010) (citing cases). These cases determined that non-consumers may sue under FDUTPA because of a 2001 amendment to the statute. *See id.*

The rationale in these cases is that the 2001 legislative amendments to § 501.211(2) broadened the scope of FDUTPA, to authorize any person or entity who suffered a loss as a result of an unfair or deceptive trade practice or act to bring a suit for damages. Prior to 2001, subsection (2) provided that in an individual action brought "by a *consumer*" who suffered a loss

as a result of a violation of the act, "such *consumer*" could recover actual damages. In 2001, the Florida Legislature replaced the word "consumer" with the word "person." *See* 2001 Laws of Fla. ch. 2001–39 § 6 (amending § 501.211(2) as described). Thereafter, several courts reasoned that the amendment "demonstrates an intent to allow a broader base of complainants ... to seek damages" under FDUTPA. *See* Chief Judge Moreno's opinion in *Kelly*, 681 F. Supp. 2d at 1373 (affirming and adopting report of United States Magistrate Judge Edwin G. Torres); *see also Niles Audio Corp. v. OEM Sys. Co., Inc.,* 174 F.Supp.2d 1315, 1320 (S.D.Fla.2001) (holding competitor could seek damages under newly amended § 501.211(2)); *N. Am. Clearing, Inc. v. Brokerage Computer Sys.,* 666 F.Supp.2d 1299, 1309–11 (M.D.Fla.2009) (declining to grant summary judgment merely because the plaintiff was not a consumer); *James D. Hinson Elec. Contracting Co., Inc. v. Bellsouth Telecomms., Inc.,* No. 3:07–cv–598–J–32MCR, 2008 WL 360803, at *2–*3 (M.D.Fla. Feb. 8, 2008) ("Courts in this district have held that [the 2001 amendment replacing "consumer" with "person"] demonstrates a clear legislative intent to allow a broader base of complainants who have been injured by violations of FDUTPA to seek damages, not just injunctive relief."); *Scantland v. Knight*, 2010 WL 4117683, at *7 (M.D. Fla. 2010); *True Title, Inc. v. Blanchard,* No. 6:06–cv–1871–Orl–19DAB, 2007 WL 430659, at *3–*4 (M.D.Fla. Feb. 5, 2007); *Advanced Prot. Techs., Inc. v. Square D Co.,* 390 F.Supp.2d 1155, 1164 (M.D.Fla.2005); *Gritzke v. M.R.A. Holding, LLC,* No. 4:01CV495–RH, 2002 WL 32107540, at *4 (N.D.Fla. March 15, 2002).

In line with the cases from this Circuit which hold a non-consumer may maintain an action for damages under FDUTPA, Defendants' Motion to Dismiss should likewise be denied in this regard.

## CONCLUSION

Plaintiff's Amended Complaint satisfies the minimal pleading standard in FLSA cases. In addition, Plaintiff has sufficiently stated a claim for declaratory relief under the Declaratory Judgment Act. Last, Plaintiff's unjust enrichment and FDUTPA claims seek damages that the FLSA cannot provide Plaintiff and the class. Therefore, they are not duplicative of the FLSA and are not preempted. For the reasons set forth herein, no basis exists for dismissing any portion of Plaintiff's Amended Complaint, and Defendants' Motion to Dismiss should be denied in its entirety.

Respectfully submitted this 10th day of November, 2014.

/s/AMANDA E. KAYFUS

Amanda E. Kayfus, Esq.
Florida Bar No. 92805
Andrew R. Frisch, Esq.
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3013
E-mail: AKayfus@forthepeople.com
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

/s/AMANDA E. KAYFUS
Amanda E. Kayfus, Esquire