UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 14-22852-CV-UNGARO

JORGE GUTIEREEZ, et al.

      Plaintiffs,

vs.

SEASALT AND PEPPER, LLC, CARLOS
MIRANDA, AND STEPHANE DUPOUX,

      Defendants.

---

**DEFENDANTS SEASALT AND PEPPER'S, CARLOS MIRANDA'S,
AND STEPHANE DUPOUX'S REPLY TO DEFENDANT'S RESPONSE
IN OPPOISITION TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Seasalt and Pepper, LLC ("Seasalt and Pepper"), Carlos Miranda, and Stephane Dupoux (collectively, "Defendants"), by and through undersigned counsel and pursuant to L. R. 7.1 and Federal Rule of Civil Procedure 12(b)(6), files this response to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, ECF No. 44, and states as follows:

**I.    INTRODUCTION**

Plaintiff's opposition to the motion to dismiss is infected by several contradictions. It selectively enforces the pertinent FLSA provisions and DOL regulations. It ignores 29 C.F.R. §531.60 in connection with Plaintiff's FLSA overtime claim while it seeks to enforce 29 C.F.R. §531.52. It seeks damages on an unjust enrichment claim while also invoking the remedies under section 216 of the FLSA, a statute that preempts his unjust enrichment claims.

For the reasons stated below, Defendants' motion to dismiss should be granted.

II.   LEGAL ARGUMENT

**A.  Plaintiff's FLSA Claim Fail As A Matter Of Law**

As a preliminary matter, the First Amended Complaint establishes that Defendants hired Plaintiff Gutierrez to work as a non-exempt tipped employee, that he was paid a hourly wage of $8.0 in addition to a portion of tips which Plaintiff and other tipped employees received from Defendants' patrons, that he worked in excess of forty (40) hours within a work week, and that he was paid a rate of $12.75 per hour for the hours he worked over forty in a work week. FAC, ECF No. 41 at ¶¶36, 37, 41, and 48. The allegations of the complaint conclusively establish, and Plaintiff cannot and does not dispute, that he was paid one and half time his hourly wage of all hours worked in excess of forty (40) hours in a workweek. As such, the only dispute between the parties is whether Defendants were required to include the tips in calculating Plaintiff's regular rate of pay for purposes of the overtime requirements under the FLSA.

Plaintiff argues that Defendants violated section 203(m) of the FLSA by failing to include Plaintiff's tips in the calculation of Plaintiff's regular rate of pay for purposes of calculating his overtime compensation. FAC at ¶49 and ECF No. 45 at 5. The problem with this argument is that it is inconsistent with section 203(m) of the FLSA and the Department of Labor (DOL) Regulation Implementing it, 29 C.F.R. §531.60.  Section 203(m) require Defendants to either pay Plaintiff a regular rate of pay that equals or exceeds the federal minimum wage, or to pay Plaintiff a minimum hourly wage of $2.13 plus a share of the gratuity collected from the patrons that make up for the difference between the hourly rate and the federal minimum wage (commonly known as "credit tip"). 29 U.S.C. §203(m). DOL regulation 531.60 provides, "Any tips received by the employee in excess of the tip credit need not be included in the regular rate. Such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act. 29 C.F.R. §531.60

Here, the First Amended Complaint clearly establishes that Plaintiff was paid an hourly wage that exceed the federal minimum wage, and as such, Defendants were not required to include Plaintiff's share of the tips in calculating his regular rate of pay. *Rodriguez v. Carey Intern., Inc.*, 2004 WL 5582173 at *7 (S.D. Fla. 2004) ("29 C.F.R. Section 531.60 provides that in general, tips not paid by the employer … need not be included in calculating the regular rate paid to the employee"); *Betro v. Commonwealth Limousine Serv., Inc.,* 2013 WL 3929785 at *10 (D. Mass Jul. 25, 2013) ("when an employer is not using a "tip credit" to meet the FLSA's minimum wage provision, any tips received by the employee "need not be included in the regular rate"). Given that Defendants were not required to include Plaintiff's share of the tips in calculating his regular rate of pay coupled with the fact that they paid him one and half time his hourly rate, Defendants have not violated the overtime requirements of the FLSA.

## B.  Plaintiff's Claim under 29 C.F.R. §531.52 Is Inconsistent with section 203(m) of the FLSA.

Plaintiff argues that 29 C.F.R. §531.52 is a valid exercise of the DOL's rule making authority to fill a statutory gap created by an ambiguity in section 203(m). ECF No. 45 at 5 – 9. Plaintiff goes on to argue that 29 C.F.R. §531.52 is entitled Chevron deference because it is not explicitly contradicted by the statutory language of section 203. This argument was rejected in *Oregon Restaurant and Lodging v. Solis*, 948 F. Supp. 2d 1217 (D. Or. 2013). In Oregon Restaurant and Lodging, Judge Mosman stated:

> I cannot agree. Woody Woo squarely addressed the question of whether Congress intended to limit the use of tips by the employers of tipped employees when no tip credit is taken. The Court was presented with the very argument made by the DOL in this action, "that under section 203(m), an employee must be allowed to retain all of her tips—except in the case of a 'valid' tip pool involving only customarily tipped employees—regardless of whether her employer claims a tip credit." And the Court didn't buy it. Rather, based on the clear and unambiguous text of the statute, the Court found that Congress intended only to limit the use of tips by employers when a tip credit is taken. This is not silence. This is repudiation. Therefore, I find that Woody Woo leaves no room for agency discretion here.

*Id.* at 1224.

Presented with the same Chevron argument, the Southern District of New York in *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D. N.Y. 2013) stated, "The DOL regulations are contrary to the plain language of § 203(m). The holding of Woody Woo was based on the plain language of § 203(m), and DOL's intervening regulations are based on a repudiation of the reasoning in Woody Woo." *Id.* at 562.

Alternatively, Plaintiff argues that DOL regulation 531.52 is consistent with section 203(m) and well-established FLSA precedent that tips belong to employees regardless of whether the employer takes a tip credit or not. ECF No. 45 at 9 – 10. This argument is plain wrong. Indeed, in *Chan v. Triple 8 Palace, Inc.,* 2006 WL 851749 at *15 (S.D. N.Y. Mar 30, 2006), a case relied on by Plaintiff, the Southern District of New York stated, "[T]o the extent plaintiffs rely on federal law [section 203(m)], they can prevail only if defendants have relied on the tip credit"); *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 ("Congress gave employers of tipped employees a simple choice: either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage").

Here, even if the Court were to hold that 29 C.F.R. §531.52 is a valid exercise of rule-making authority by the DOL (which it is not), Plaintiff's claim still fails because the First Amended Complaint undisputedly establishes that Defendants have not taken a tip credit.

### C.  Plaintiff Is Not Entitled To Declaratory Relief.

Plaintiff argues that his claim for declaratory relief should be allowed to move forward to benefit current employees of Defendant's restaurant Seasalt and Pepper. The problem with this argument is twofold. First, Plaintiff, as a former employee of Defendants' Restaurant, is not entitled to declaratory relief. *Briggs v. Arthur T. Mott Real Estate LLC*, 2006 WL 3314624 at *3

4

(E.D. N.Y. Nov. 14, 2006) ("Briggs was no longer an employee of Defendant when this action was commenced and fails to allege that he was either discharged or discriminated against for filing this action. He is therefore not entitled to equitable relief, which includes declaratory relief"). The fact that Plaintiff brought this action on behalf of himself and other similarly-situated former and current employees does not change the fact that he is a former employee and the "class" does not currently include current employees of the Restaurant.

Second, federal courts, as courts of limited jurisdiction, will enter declaratory judgment when declaratory relief will achieve a useful objective. *Cook Cnty. Legal Assistance Foundation v. Pauken*, 573 F. Supp. 231, 233 (N.D. Ill 1983) (citing *Spivey v. Barry*, 665 F. 2d 1222 (D.C. Cir. 1981). Here, declaratory judgment would not serve a useful purpose because Plaintiff's FLSA claim fail as a matter of law. *Brooks v. Village of Lincolnwood*, 620 F. Supp. 24, 27 (N.D. Ill 1985).

### D.  Plaintiff's State And Common Law Claims Are Preempted By The FLSA

Plaintiff argues that his unjust enrichment claim is not preempted by section 216 of the FLSA because these state law claims are independent of and are plead in the alternative to the FLSA violation. ECF No. 45 at 13. This argument fails for two separate and independent reasons. First, Plaintiff's unjust enrichment claim is not independent of the FLSA violation. FAC at 102 (Defendants' alleged violation of 29 C.F.R. §531.52 form the basis for the unjust enrichment claim). As Chief Judge Moreno stated in *Bule v. Garda CL Southeast, Inc.,* 2014 WL 3501546 at *2 ("a plaintiff may not plead under a theory of unjust enrichment to avoid the statutory framework of the FLSA"). Second, Plaintiff's unjust enrichment also fails as a matter of law. *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC,* 714 F. 3d 1234, 1237 (11th Cir. 2013) (in order to state a valid claim for unjust enrichment, plaintiff must allege  that (1) he conferred a benefit on the defendant, (2) the defendant must have knowledge of the benefit, (3) the defendant must have accepted or retained the benefit conferred, and (4) the circumstances must be such that it would be inequitable

for the defendant to retain the benefit without paying fair value for it).

Here, Plaintiff did not confer a benefit on Defendants as he was employed by Defendants and compensated for the work he performed. Plaintiff did not pay the gratuity charges that he now claims Defendants have retained. Plaintiff, in essence, is asking the court to return to him a benefit which he did not confer. As such, Plaintiff's unjust enrichment fails as a matter of law.

Plaintiff also argues that he has standing under Fla. Stat. §501.211 to bring a FDUPTA claim because of the broad definition of the term "person" under the statute.  ECF No. 45 at 15. This argument fails because the Eleventh Circuit requires probable deception likely to cause injury to a reasonable relying consumer. *Zlotnick v. Premier Sales Grp., Inc.*, 480 F. 3d 1281, 1284 (11th Cir. 2007). Plaintiff was an employee, not a consumer of Defendant's Restaurant. He did not rely on and has not suffered damages as a result of Defendant's unfair and deceptive trade practices.

## III.   CONCLUSION

Based on the foregoing, Defendants Seasalt and Pepper, LLC, Carlos Miranda and Stephane Dupoux respectfully asks that the Court enter an Order (i) dismissing Plaintiff Jorge Gutierrez's Amended Complaint in its entirety, and (ii) granting such further relief as is just and appropriate.

Respectfully submitted,

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
*Counsel for Defendant Seasalt and Pepper, LLC*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 375-5428
By: _/s/ Beshoy Rizk_____
        ROBERT ZARCO
        Florida Bar No. 502138
        rzarco@zarcolaw.com
        ROBERT F. SALKOWSKI
        Florida Bar No. 903124

rsalkowski@zarcolaw.com
BESHOY RIZK
Florida Bar No. 093808
brizk@zarcolaw.com


**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on November 18, 2014, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF, which will send a notice of filing to the

following attorneys:


Amanda Elizabeth Kayfus
Morgan & Morgan PA
600 N Pine Island Road
Suite 400
Plantation, FL 33324
954-318-0268
Fax: 954-327-3017
akayfus@forthepeople.com

Counsel for Plaintiffs


        /s/ Beshoy Rizk