# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-22852-UU

JORGE GUTIERREZ,

     Plaintiff,

v.

SEASALT AND PEPPER, LLC, *et al.*,

     Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss. D.E. 44. THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed and is ripe for determination.

## BACKGROUND

The following are the facts as alleged and interpreted in the light most favorable to the plaintiff. In November of 2013, Defendants Seasalt and Pepper, LLC, Carlos Miranda and Stephane Dupoux hired Plaintiff to work as a tipped employee at a restaurant owned and operated by Defendants. First Amended Complaint, ¶¶ 12, 18, 36. While Plaintiff received cash wages of $8.50 per hour, he also was paid a portion of the gratuities collected by Defendants from patrons, which, pursuant to restaurant policy, amounted to at least 18% of every bill. *Id.* at ¶¶ 36–39, 49. Additionally, Defendants misrepresented to patrons that the gratuities constituted "tips" and not a service charge. *Id.* at ¶¶ 40–46. For overtime work, Plaintiff was paid $12.75 per hour, but was not paid a larger portion of the gratuities remitted by patrons. *Id.* at ¶¶ 48, 49.

On August 4, 2014, Plaintiff filed suit against Defendants, alleging that Defendants: (1) violated the overtime provision of the Fair Labor Standards Act ("FLSA"); (2) violated 29 C.F.R. § 531.52, a federal regulation interpreting the FLSA; (3) unjustly enriched themselves by retaining portions of Plaintiff's tips; and (4) violated the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA") by misrepresenting their treatment of tips.[1] Plaintiff seeks damages, as well as a declaration that Defendants' employment practices violate the overtime provision of the FLSA. Defendants now move to dismiss.

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court does not view each allegation in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.*, 551 U.S. at 322. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).

## ANALYSIS

Defendants move to dismiss each of Plaintiff's five claims. The Court considers each claim in turn.

Minimum Wage Claim

Federal law demands that employers pay to covered employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). While Plaintiff acknowledges that his regular hourly wage exceeded

---

[1] Plaintiff does not bring a claim predicated on Defendants' alleged failure to maintain records required to be kept by the FLSA.

$7.25, he nonetheless alleges that Defendants violated the FLSA by retaining a portion of his tips. In support, Plaintiff directs the Court to a regulation promulgated by the Department of Labor ("DOL") that, according to Plaintiff, fills a gap in Section 203(m) of the FLSA.

While the minimum wage provision of Section 206(a)(1) sets the minimum wage rate at $7.25 per hour, Section 203(m), in defining the term "wage," permits employers to credit their minimum wage obligations with tips retained by employees. The tip credit provision reads:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to:
>
> (1)    the cash wage paid such employee which for purposes of such determination shall be not less than [$2.13]; and
>
> (2)    an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and [$7.25].
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m). On April 5, 2011, the DOL amended 29 C.F.R. § 531.52 and added the following language:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

29 C.F.R. § 531.52. Defendants contend that this regulation is contrary to the FLSA, which they argue permits employers to retain employee tips so long as they do not rely on tip credits in satisfying their minimum wage obligations. In response, Plaintiff argues that the statute is silent as to this issue, and that the regulation, in filling a statutory gap left by Congress, offers a permissible interpretation of Section 203(m).

Under *Chevron*,[2] courts must defer to an agency's interpretation of a statute unless: (1) Congress has "directly spoken to the precise question at issue"; or (2) the agency's interpretation is not "based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). Here, the parties focus on the first question presented by *Chevron* and dispute whether Congress, through the FLSA, has addressed the issue of whether employers are prohibited from retaining employee tips even where they satisfy their minimum wage obligations without relying on tip credits.

The fundamental question presented by the first step of *Chevron* is "whether, or when, a particular statute in effect delegates to an agency the power to fill a gap." *United States v. Home Concrete & Supply, LLC*, 132 S. Ct. 1836, 1843 (2012). Where statutory gaps exist, it is for agencies to fill those gaps, not courts. *Id.*; *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982 (2005). Contrariwise, where Congress speaks to a precise issue, its intention must be given effect. *Chevron, U.S.A., Inc.*, 467 U.S. at 843 n. 9. To ascertain whether Congress has an intention as to a particular issue, courts must employ the traditional tools of statutory interpretation. *Id.* Where a statute is silent or ambiguous, there exists an implied gap for an agency to fill. *Home Concrete & Supply, LLC*, 132 S. Ct. at 1843 (*"Chevron and later cases find ... in ambiguous language at least a presumptive indication that Congress did delegate that gap-filling authority."*).

Plaintiff maintains that 29 C.F.R. § 531.52 fills a gap in Section 203(m), which is implied by Congress's failure to specifically state whether employers can retain employee tips where they satisfy their minimum wage obligations without relying on tip credits. But while the statute does not address this issue in the most specific of terms, Congress's intent as to this question is nonetheless manifest.

The tip credit provision of Section 203(m) addresses the circumstances under which employers

---

2 All parties concede that 29 C.F.R. § 531.52 was promulgated under authority granted to the DOL by Congress such that *Chevron* applies. *United States v. Mead Corp.*, 533 U.S. 218, 226–27 (2001); *see Oregon Rest. & Lodging v. Solis*, 948 F. Supp. 2d 1217, 1219 (D. Or. 2013) (applying *Chevron* to determine the validity of 29 C.F.R. § 531.52).

may credit their minimum wage obligations with tips retained by employees. The first of the three sentences provides that an employer may pay a tipped employee cash wages of as little as $2.13 per hour, so long as the employee receives sufficient tips that his gross hourly compensation is at least $7.25. The second sentence provides that, where an employee's tips are not sufficient to bring his gross hourly compensation to $7.25, the employer must increase the cash wage such that the employee's gross hourly compensation meets the $7.25 threshold. Accordingly, the first and second sentences, when read together, provide that a tipped employee must be paid at least $7.25 per hour, but that employers may credit their minimum wage obligations with up to $5.12 in tips retained by the employee.

Finally, the third sentence limits the applicability of the preceding two sentences to circumstances in which employees: (1) receive proper notice that a portion of their cash wages will be offset by the tips they retain; and (2) retain all their tips not contributed to a valid tip pool. Thus, pursuant to the plain language of this third sentence, where an employer retains any portion of an employee's tips, the tip credit provision of Section 203(m) becomes inapplicable such the employee must be compensated with cash wages as if he retained no portion of his tips. *See Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580 (9th Cir. 2010) ("The third sentence states that the preceding two sentences do not apply (i.e., the employer may not take a tip credit) unless [the] two conditions are met."); *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322 (1st Cir. 1992), as amended (July 31, 1992) ("[I]n a legislative compromise, Congress chose to allow employers a partial tip credit if, but only if, certain conditions are met.").

The inescapable implication of this condition on the use tip credits is that employers have a choice; they may either rely on tip credits to meet their minimum wage obligations and distribute all employee tips or they may instead choose to meet their minimum wage obligations without relying on tip credits and do with employee tips as they please (so long as otherwise lawful). *See Cumbie*, 596 F.3d at 581 ("A statute that provides that a person must do X in order to achieve Y does not mandate that a person must do X, period."); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 562

(S.D.N.Y. 2013) (finding 29 C.F.R. § 531.52 contrary to the plain language of Section 203(m));
*Stephenson v. All Resort Coach, Inc.*, No. 2:12-CV-1097 TS, 2013 WL 4519781, at *6 (D. Utah
Aug. 26, 2013) (same); *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 230
(S.D.N.Y. 2002) ("Congress gave employers of tipped employees a simple choice: either allow
employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly
minimum wage."). Otherwise, the condition that employees retain all tips would be superfluous and
nonsensical. *See, e.g.*, *United States v. Menasche*, 348 U.S. 528, 538-39 (1955) ("It is our duty to
give effect, if possible, to every clause and word of a statute.") (internal quotations omitted); *see also*
*Cumbie*, 596 F.3d at 581 ("[W]e decline to read the third sentence in such a way as to render its
reference to the tip credit, as well as its conditional language and structure, superfluous.").

   That Congress did not intend to regulate whether employers may retain tips where they meet
their minimum wage obligations without relying on tip credits is further supported by the objective of the
FLSA. Congress passed the minimum wage provision of the FLSA to maintain "the minimum standard
of living necessary for health, efficiency, and general well-being" of the American worker. 29 U.S.C. §
202(a); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) ("[T]he FLSA
was designed to give specific minimum protections to individual workers and to ensure that each
employee covered by the Act would receive a fair day's pay for a fair day's work and would be
protected from the evil of overwork as well as underpay.") (internal quotations omitted). Not only
would the DOL's interpretation increase the minimum wage for a certain class of workers (i.e. those
who receive tips), but it would do nothing to ensure a single minimum standard of living among that
favored class of worker, whose minimum wage would be determined on a fluid basis by the goodwill of
consumers. 29 C.F.R. § 531.52 ("[W]hether a tip is to be given and its amount are matters determined
solely by the customer ... ."); *see Oregon Rest. & Lodging v. Solis*, 948 F. Supp. 2d 1217, 1225 (D.
Or. 2013) ("[29 C.F.R. § 531.52 does] not protect covered workers from substandard wages or
oppressive working hours, nor do they vindicate any of the FLSA's specific statutory protections.");
*Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d at 562 ("[The FLSA's] silence regarding employers' use

of tips when no tip credit is taken is not a 'gap' in the statute left to be filled, so much as an area of workplace conduct unaddressed by a statute concerned with a different problem entirely: assuring the payment of minimum compensation to employees."). In contrast, the interpretation compelled by the statutory language helps to maintain one minimum standard of living for all workers covered by the FLSA. *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 407 (1942) (noting that it makes "no practical difference" whether workers are compensated through wages or through tips).

Congress codified the current version of Section 203(m) in 1974, after the Supreme Court had already determined that, absent statutory interference, it is for employers and employees to decide by agreement who will retain tips. *See id.* at 397. While Congress could have articulated created such statutory interference, it instead chose to enact an unambiguous tip credit provision, which, in conditioning the use of tip credits on employee retention of tips, all but stated that employers may retain tips in all other circumstances. *See Cumbie*, 596 F.3d at 581 ("If Congress wanted to articulate a general principle that tips are the property of the employee absent a 'valid' tip pool, it could have done so without reference to the tip credit."); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 562 (S.D.N.Y. 2013) ("Had Congress intended to federalize tipping practices—i.e., to mandate generally that tips are the property of the employee absent a valid tip pool—it could and presumably would have expressed this intention without keying ... to the tip credit."). And notwithstanding that interpretation compelled by the plain language of the statute fits soundly within the statutory framework and serves the purpose for which the FLSA was enacted, the DOL adopted a contradictory interpretation, disjointed from the language and purpose of the FLSA.

Because it is clear that Congress intended to regulate employers' retention of tips only in circumstances where they rely on tip credits to satisfy their minimum wage obligations, the tip retention provision of 29 C.F.R. § 531.52, which applies in all circumstances, must be rejected. *See Oregon Rest. & Lodging v. Solis*, 948 F. Supp. 2d 1217, 1220 (D. Or. 2013) (rejecting the tip retention provision of 29 C.F.R. § 531.52 under the first step of *Chevron*); *Stephenson v. All Resort Coach, Inc.*, No. 2:12-CV-1097 TS, 2013 WL 4519781, at *8 (D. Utah Aug. 26, 2013) (same); *see also*

*Cumbie*, 596 F.3d at 579 n. 6 (9th Cir. 2010) ("[B]ecause we conclude that the meaning of the FLSA's tip credit provision is clear, we need not decide whether [the tip retention provision of 29 C.F.R. § 531.52] is ... valid and what level of deference [it] merit[s]."). Instead, where an employer satisfies his minimum wage obligations without reliance on tip credits, his retention of employee tips does not violate Section 206(a) of the FLSA. And because Plaintiff concedes that Defendants did just that, he fails to state a claim under Section 206(a).[3] Accordingly, that claim will be dismissed.

Overtime Claim

Plaintiff alleges that Defendants violated the overtime provision of the FLSA by failing to include his tips in calculating his regular rate of pay. However, under Department of Labor regulations, tips received by employees in excess of a tip credit need not be included in the regular rate of pay. FLSA. 29 C.F.R. § 531.60 ("[A] tipped employee's regular rate of pay includes the amount of tip credit taken by the employer per hour ... and the cash wages including commissions and certain bonuses paid by the employer."). Accordingly, because Defendants took no tip credit, any tips retained by Plaintiff did not comprise part of his regular rate of pay. 29 C.F.R. § 531.60 ("Such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the Act.").

That being said, not all gratuities collected by Defendants qualified as "tips" for purposes of the FLSA. Specifically, and notwithstanding Plaintiff's characterization of the gratuities as "tips," funds received from patrons pursuant to the mandatory 18% charge imposed by Defendants are not "tips" for purposes of the FLSA.[4] 29 C.F.R. § 531.52 (" Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity."); 29 C.F.R. § 531.55 ("A compulsory charge for service, such as 15 percent of the amount of the bill, imposed on a customer by an employer's establishment, is not a tip ... even if distributed by the employer to its employees ... ."). And under the FLSA, because such funds did not

---

[3]  While Plaintiff attempts to bring a claim under 29 C.F.R. § 531.52, conduct does not violate the FLSA unless it is prohibited by the *statute*. *Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000).

[4]   Defendants concede this point in their motion to dismiss.

constitute tips, amounts paid to Plaintiff from those funds comprised part of Plaintiff's regular rate of pay – but only if Defendants' payment of those amounts was "nondiscretionary." 29 U.S.C. § 207(e)(3) (limiting discretionary payments to those where "both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly"); 29 C.F.R. § 778.208. Here, Plaintiff does not allege that Defendant's distribution to the wait staff of funds received pursuant to the mandatory 18% service charge was nondiscretionary. Consequently, Plaintiff has failed to adequately allege that those payments comprised part of his regular rate of pay and Plaintiff's claims for damages and for declaratory relief based on Section 207 will accordingly be dismissed.[5] The Court, however, will grant leave to amend because it appears that Plaintiff may be able to state a claim under Section 207 if Plaintiff can allege in good faith that Defendants had a nondiscretionary duty to distribute all or a portion of the 18% "gratuity" collected from patrons to Plaintiff.

Unjust Enrichment

Plaintiff seeks to recover the portion of his tips retained by Defendants under a theory of unjust enrichment. However, pursuant to the First Amended Complaint, the purported injustice of Defendants' retention of his tips is solely predicated on rights created by the FLSA. First Amended Complaint, ¶ 102, 216. And because Section 216 of the FLSA provides the exclusive remedy for enforcing rights created under that statute, his claim fails. *See Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D.Ala.1991); *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (dismissing unjust enrichment claims predicated on the defendant's alleged failure to compensate the plaintiff in accordance with the FLSA). Additionally, Plaintiff's unjust enrichment claim fails for the alternative reason that he fails to allege that Section 216 does not provide an adequate remedy. *See, e.g.*, *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987) ("[T]he theory of unjust

---

[5]  To reiterate, the only declaration Plaintiff seeks in his First Amended Complaint is a declaration that Defendants violated the overtime provision of the FLSA. First Amended Complaint, ¶ 132(c).

enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy ... ."). Accordingly, Plaintiff's unjust enrichment claim will be dismissed without prejudice.

<u>The Florida Deceptive and Unfair Trade Practices Act</u>

Lastly, Plaintiff brings against Defendants a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), alleging that Defendants deceptively misrepresented to he and to patrons that all tips would be distributed to employees. The FDUTPA renders unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. However, only persons who have "suffered a loss as a result of a violation" may recover under the statute. Fla. Stat. § 501.211. Here, Plaintiff's allegation that he was himself mislead to believe that he would retain all of his tips is wholly conclusory. First Amended Complaint, ¶¶ 56, 112, 113. And though he alleges that Defendants mislead patrons and other third parties into believing that he would retain his tips, he fails to allege how this deception caused him to suffer any loss. Accordingly, Plaintiff's FDUTPA claim will be dismissed without prejudice.

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss, (D.E. 44), is GRANTED. Count II (Minimum Wage) is DISMISSED WITH PREJUDICE. Further, Count I (Overtime Provision), Count III (Unjust Enrichment), Count IV (FDUTPA) and Count V (Declaratory Relief) are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend those claims, but must file a Second Amended Complaint by **Tuesday, <u>December 16, 2014</u>**. Further, it is hereby

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference in this matter is hereby re-set to **Friday, <u>January 30, 2014, at 10:00 A.M.</u>**

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of December, 2014.

-10-

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf