UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-22852-UU

JORGE GUTIERREZ,

    Plaintiff,

v.

SEASALT AND PEPPER, LLC, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss. D.E. 51.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed and is ripe for determination.

**BACKGROUND**

The following are the facts as alleged and interpreted in the light most favorable to the plaintiff. In November of 2013, Defendants Seasalt and Pepper, LLC, Carlos Miranda and Stephane Dupoux hired Plaintiff to work as a bartender and mixologist at a seafood restaurant owned and operated by Defendants. Second Amended Complaint, ¶¶ 34, 36, Exhibit 1 at 2. In accordance with his employment contract, Plaintiff received a base wage of $8.50 per hour, as well as a fixed portion of mandatory service charges imposed on restaurant sales.[1] *Id.* at ¶¶

---

[1] The employment contract provides:

> As additional compensation for services to be rendered under this Agreement, Employee shall be entitled to a commission income on the following basis: Service Charge: As additional compensation for services to be rendered under this Agreement, Employee shall be entitled to Service Charge pool income of 3.5 points of all Restaurants Food & Beverage Sales Pool under 18% Service Charge per shift basis + Individual Direct Sales Service Charge and Additional Gratuities while working as BARTENDER and Employee shall be entitled to Service Charge pool income of 5 points of all Restaurants Food & Beverage Sales Pool under 18% Service Charge per shift basis while working as Mixologist on the Floor Table side.

Second Amended Complaint, Exhibit 1 at 3.

37–39, Exhibit 1 at 3. However, while Plaintiff received a base wage of $12.75 per hour for overtime work, he did not also receive a larger portion of service charge funds for such work. *Id.* at ¶¶ 55–57. Additionally, Defendants misrepresented to patrons that the mandatory service charges constituted "gratuity," which mislead patrons into believing that the service charge funds would be distributed in their entirety to the employee that generated the charge. *Id.* at ¶¶ 40–43. And due to this mistaken belief, many patrons chose not to leave additional tip. *Id.* at ¶¶ 44, 45.

On August 4, 2014, Plaintiff filed suit, and in his Second Amended Complaint alleges that Defendants: (1) violated the overtime provision of the Fair Labor Standards Act ("FLSA"); (2) unjustly enriched themselves by retaining funds from the service charge pool; and (4) violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by misrepresenting to patrons that all service charge funds would be distributed to the employee generating the charge. Defendants now move to dismiss all claims.

## LEGAL STANDARD

On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court considers only the four corners of the complaint, along with any documents attached to the complaint or incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Factual allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The Court does not view each allegation in isolation, but rather considers the complaint in its entirety. *Tellabs, Inc.*, 551 U.S. at 322. Conclusory allegations will not suffice to state a claim; the complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[T]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). This means that the factual content of the complaint must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Or to put it differently, "[d]ismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the

speculative level.'" *Edwards*, 602 F.3d at 1291 (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).

## ANALYSIS

Defendants move to dismiss each of Plaintiff's three claims. The Court considers each claim in turn.

### Overtime Claim

Plaintiff alleges that Defendants violated the overtime provision of the FLSA by failing to include his portion of the service charge funds in calculating his regular rate of pay. Defendants do not dispute for purposes of this motion that such remuneration constituted part of Plaintiff's regular rate of pay. Instead, they argue that Plaintiff's employment was exempt from the overtime provision of the FLSA under the retail and service establishment exemption. The exemption provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i). Thus, the exemption applies as to employees who: (1) are employed at a "retail or service establishment"; (2) earn a regular rate of pay of at least one and one-half times the minimum wage; and (3) receive more than half of their remuneration from commissions. *Id.* Defendants, as Plaintiff's employers, bear the burden of proving the applicability of the FLSA exemption, and must do so by "clear and affirmative evidence." *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001). Further, because they invoke the exemption at the motion to dismiss stage, they are constrained to proving its applicability by reference to the allegations contained in, or incorporated into, Plaintiff's complaint. *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984) ("Generally, the existence of an affirmative defense will not support a motion to dismiss."). Defendants fail to meet their burden.

To prove that Plaintiff was employed at a "retail or service establishment," Defendants point to Plaintiff's allegation that he was employed at a seafood restaurant. However, "not every establishment which engages in retail selling of goods or services" constitutes a "retail or service establishment." 29 C.F.R. § 779.24. Instead, the term "retail or service establishment" is defined as "an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry." *Id.* Though Defendants' enterprise may very well meet this standard, Plaintiff's lone allegation that the establishment operated as a seafood restaurant is not sufficient to prove that the standard is met. Accordingly, Defendants fail to show at this early stage in litigation that the retail and service establishment exemption applies.[2]

Unjust Enrichment

Plaintiff seeks to recover the portion of service charge funds he generated that Defendants retained under a theory of unjust enrichment. In support, Plaintiff alleges that Defendants' retention of such funds is unjust because they misrepresented to patrons that those funds would be distributed to the employee generating the charge. However, to state a claim for unjust enrichment, a plaintiff must allege that: "(1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999) (quoting *Greenfield v. Manor Care, Inc.*, 705 So.2d 926, 930–31 (Fla. 4th DCA 1997)).

Here, Plaintiff fails to state a claim for unjust enrichment. Notably, it was the patrons of Defendants' restaurant, not Plaintiff, who conferred the benefit of the funds; Plaintiff at most conferred the benefit of his labor. Thus, Plaintiff might at most be able to recover the value of his

---

[2] The Court need not address whether Defendants otherwise prove that the retail and service establishment exemption applies.

labor under a theory of unjust enrichment.[3] However, Plaintiff does not allege that Defendants' acceptance and retention of the benefit of his labor was at all unjust or inequitable.[4] Accordingly, Plaintiff fails to state a claim for unjust enrichment, and that claim will be dismissed.

<u>The Florida Deceptive and Unfair Trade Practices Act</u>

Plaintiff alleges that Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") to the extent they deceived patrons into believing that all service charge funds would be distributed to the employee that generated the charge. Defendants argue that Plaintiff lacks statutory standing to sue under the FDUTPA because he was not a consumer.

The civil remedy provision of the FDUTPA provides that, "[i]n any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages." Fla. Stat. § 501.211(2). The Eleventh Circuit is silent as to whether non-consumers may recover under § 501.211(2), and the Court is unaware of any Florida court decision weighing in on the issue. Further, there exists a split among district courts, with some courts relying on the broad statutory language to read the provision expansively and others citing to the legislative history and stated purpose of the statute (i.e. consumer protection) to construe the provision narrowly. *Compare Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1372 (S.D. Fla. 2010) *and North Amer. Clearing, Inc. v. Brokerage Computer Sys.*, 666 F.Supp.2d 1299, 1310 n. 9 (M.D. Fla. 2009) *with Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1349 (S.D. Fla. 2009) (citing Senate Staff Analysis, CS/SB 208, Mar. 22, 2001, at p. 3.) *and Goodbys Creek, LLC v. Arch Ins. Co.*, No. 307-CV-947-J-33HTS, 2008 WL 2950112, at *8

---

[3] Even assuming *arguendo* that Plaintiff's proficiency in garnering service charge funds was relevant to determining the value of his labor, that determination is an issue of damages irrelevant to the question of liability.

[4] Even had Plaintiff alleged that Defendants' retaining the benefit of his labor was unjust because he was not compensated in accordance with the FLSA, Section 216 of the FLSA provides the exclusive remedy for enforcing rights created by that statute. *See Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D. Ala.1991); *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (dismissing unjust enrichment claims predicated on the defendant's failure to compensate the plaintiff in accordance with the FLSA).

(M.D. Fla. July 31, 2008).

Instead of wading into this important and difficult question of Florida law, the Court declines to exercise supplemental jurisdiction over Plaintiff's FDUTPA claim.[5] The issue presented by the parties is both novel and complex, and as such should be resolved by the Florida courts. *See* 28 U.S.C. § 1366(c)(1). Declining to exercise jurisdiction, particularly at this early stage in litigation, best promotes the interests of justice; it makes way for the Florida courts to determine Plaintiff's rights under the FDUTPA and to determine the scope of § 501.211(2) in the process. Accordingly, the Court will dismiss Plaintiff's FDUTPA claim without prejudice so that Plaintiff may bring the claim in state court.

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss, (D.E. 44), is GRANTED IN PART and DENIED IN PART. Count II (Unjust Enrichment Claim) is DISMISSED WITH PREJUDICE. Additionally, Count III (FDUTPA Claim) is DISMISSED WITHOUT PREJUDICE. Defendants' Motion is DENIED in all other respects. Further, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to File a Sur-Reply, (D.E. 60), is DENIED AS MOOT. Defendants SHALL file their Answers to Plaintiff's Second Amended Complaint by **Tuesday, February 10, 2015**. Lastly, it is hereby

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference in this matter is CANCELLED. Accordingly, Defendants' Motion to Continue the Planning and Scheduling Conference, (D.E. 62), is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2d day of February, 2015.

*[signature]*

---

[5] Plaintiff alleges only supplemental jurisdiction under 28 U.S.C. § 1367. Second Amended Complaint, ¶ 6.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf