UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

CASE NO. 14-22852-CV-UNGARO

JORGE GUTIEREEZ, et al.

       Plaintiffs,

vs.

SEASALT AND PEPPER, LLC, CARLOS
MIRANDA, AND STEPHANE DUPOUX,

     Defendants.

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Seasalt and Pepper, LLC ("Seasalt and Pepper"), Carlos Miranda, and

Stephane Dupoux (collectively, "Defendants"), by and through undersigned counsel and pursuant

to Federal Rule of Civil Procedure 12, answer Plaintiff Jorge Gutierrez's Second Amended

Complaint ("SAC") [ECF No. 51], as follows:

    1.      Defendants deny the allegations in paragraph 1 of the SAC.

    2.      Defendants deny the allegations in paragraph 2 of the SAC.

    3.      Defendants admit the allegation in paragraph 3 of the SAC that jurisdiction in this

court is proper but deny that Plaintiff is entitled to the relief sought under the FLSA.

    4.      Defendants admit the allegation in paragraph 4 of the SAC.

    5.      Defendants admit the allegation in paragraph 5 of the SAC that the Court has the

authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment

Act but deny that Plaintiff is entitled to declaratory relief under either statute.

    6.      Defendants deny the allegations in paragraph 6 of the SAC.

7.      Defendants admit the allegation in paragraph 7 of the SAC that venue is proper in this Court but deny that Plaintiff has any claims that accrued in this District.

8.      Defendants are without sufficient knowledge regarding the allegations in paragraph 8 of the SAC and as such, they are denied.

9.      Defendants admit the allegations in paragraph 9 of the SAC.

10.     Defendants admit the allegations in paragraph 10 of the SAC.

11.     Defendants admit the allegations in paragraph 11 of the SAC.

12.     Defendants admit the allegations in paragraph 12 of the SAC.

13.     Defendants deny the allegations in paragraph 13 of the SAC.

14.     Defendants deny the allegations in paragraph 14 of the SAC.

15.     Defendants admit the allegations in paragraph 15 of the SAC.

16.     Defendants deny the allegations in paragraph 16 of the SAC.

17.     Defendants admit the allegations in paragraph 17 of the SAC.

18.     Defendants deny the allegations in paragraph 18 of the SAC.

19.     Defendants deny the allegations in paragraph 19 of the SAC.

20.     Defendants deny the allegations in paragraph 20 of the SAC.

21.     Defendants deny the allegations in paragraph 21 of the SAC.

22.     Defendants deny the allegations in paragraph 22 of the SAC.

23.     Defendants admit the allegations in paragraph 23 of the SAC.

24.     Defendants deny the allegations in paragraph 24 of the SAC that Miranda and Dupoux are employers within the meaning of the FLSA.

25.     Defendants deny the allegations in paragraph 25 of the SAC that Miranda and Dupoux were and continue to be employers within the meaning of the FLSA.

26.     Defendants admit the allegation in paragraph 26 to the extent it applies to Seasalt and Pepper but denies the allegations with respect to Defendants Dupoux and Miranda.

27.     Defendants admit the allegation in paragraph 27 of the SAC to the extent it applies to Seasalt and Pepper but denies the allegations with respect to Defendants Dupoux and Miranda.

28.     Defendants admit the allegation in paragraph 28 of the SAC to the extent it applies to Seasalt and Pepper but denies the allegations with respect to Defendants Dupoux and Miranda.

29.     Defendants admit the allegation in paragraph 29 of the SAC to the extent it applies to Seasalt and Pepper but denies the allegations with respect to Defendants Dupoux and Miranda.

30.     Defendants admit the allegation in paragraph 30 of the SAC to the extent it applies to Seasalt and Pepper but denies the allegations with respect to Defendants Dupoux and Miranda.

31.     Defendants admit the allegation in paragraph 31 of the SAC.

32.     Defendants admit the allegation in paragraph 32 of the SAC.

33.     Defendants admit the allegation in paragraph 33 of the SAC.

34.     Defendants admit the allegation in paragraph 34 of the SAC.

35.     Defendants admit the allegations in paragraph 35 of the SAC.

36.     Defendants admit the allegations in paragraph 36 of the SAC.

37.     Defendants admit the allegations in paragraph 37 of the SAC.

38.     Defendants admit the allegation in paragraph 38 of the SAC that it collects an 18% service charge from its patrons but denies the remaining allegations to the extent Plaintiffs classifies the 18% mandatory service charge as a nondiscretionary gratuity.

39.     Defendants admit the allegations in paragraph 39 of the SAC.

40.     Defendants deny the allegations in paragraph 40 of the SAC.

41.     Defendants deny the allegations in paragraph 41 of the SAC.

42.     Defendants deny the allegations in paragraph 42 of the SAC.

43.     Defendants deny the allegations in paragraph 43 of the SAC.

44.     Defendants are without sufficient knowledge to answer the allegations in paragraph 44 of the SAC and therefore, they are denied.

45.     Defendants are without sufficient knowledge to answer the allegations in paragraph 45 of the SAC and therefore, they are denied.

46.     Defendant admit the allegations in paragraph 46 of the SAC.

47.     Defendants deny the allegations in paragraph 47 of the SAC.

48.     Defendants deny the allegations in paragraph 48 of the SAC.

49.     Defendants deny the allegations in paragraph 49 of the SAC.

50.     Defendants deny the allegations in paragraph 50 of the SAC.

51.     Defendants deny the allegations in paragraph 51 of the SAC.

52.     Defendants deny the allegations in paragraph 52 of the SAC.

53.     Defendants deny the allegations in paragraph 53 of the SAC.

54.     Defendants admit the allegations in paragraph 54 of the SAC.

55.     Defendants admit the allegations in paragraph 55 of the SAC.

56.     Defendants deny the allegations in paragraph 56 of the SAC.

57.     Defendants deny the allegations in paragraph 57 of the SAC.

58.     Defendants deny the allegations in paragraph 58 of the SAC.

59.     Defendants deny the allegations in paragraph 59 of the SAC.

60.     Defendants deny the allegations in paragraph 60 of the SAC.

61.     Defendants deny the allegations in paragraph 61 of the SAC.

62.     Defendants deny the allegations in paragraph 62 of the SAC.

63.     Defendants deny the allegations in paragraph 63 of the SAC.

64.     Defendants deny the allegation in paragraph 64 of the SAC.

65.     Defendants deny the allegation in paragraph 65 of the SAC.

66.     Defendants deny the allegation in paragraph 66 of the SAC.

67.     Defendants deny the allegation in paragraph 67 of the SAC.

68.     Defendants deny the allegations in paragraph 68 of the SAC.

69.     Defendants are without sufficient knowledge regarding the allegations in paragraph 69 of the SAC, and therefore, they are denied.

70.     Defendants are without sufficient knowledge regarding the allegations in paragraph 70 of the SAC, and therefore, they are denied.

71.     Defendants are without sufficient knowledge regarding the allegations in paragraph 71 of the SAC, and therefore, they are denied.

72.     Defendants are without sufficient knowledge regarding the allegations in paragraph 72 of the SAC, and therefore, they are denied.

73.     Defendants are without sufficient knowledge regarding the allegations in paragraph 73 of the SAC, and therefore, they are denied.

74.     Defendants are without sufficient knowledge regarding the allegations in paragraph 74 of the SAC and therefore, they are denied.

75.     Defendants deny the allegations in paragraph 75 of the SAC.

76.     Defendants deny the allegations in paragraph 76 of the SAC.

77.     Defendants deny the allegations in paragraph 77 of the SAC.

78.     Defendants deny the allegations in paragraph 78 of the SAC.

79.     Defendants deny the allegations in paragraph 79 of the SAC.

80.     Defendants deny the allegations in paragraph 80 of the SAC.

81.     Defendants deny the allegations in paragraph 81 of the SAC.

82.     Defendants are without sufficient knowledge regarding the allegations in paragraph 82 of the SAC, and therefore, they are denied.

83.     Defendants are without sufficient knowledge regarding the allegations in paragraph 83 of the SAC, and therefore, they are denied.

84.     Defendants are without sufficient knowledge regarding the allegations in paragraph 84 of the SAC, and therefore, they are denied.

85.     Defendants without sufficient knowledge regarding the allegations in paragraph 85 of the SAC, and therefore, they are denied.

86.     Defendants deny the allegations in paragraph 86 of the SAC.

87.     Defendants deny the allegations in paragraph 87 of the SAC.

88.     Defendants deny the allegations in paragraph 88 of the SAC.

89.     Defendants are without sufficient knowledge regarding the allegations in paragraph 89 of the SAC, and therefore, they are denied.

90.     Defendants are without sufficient knowledge regarding the allegations in paragraph 90 of the SAC, and therefore, they are denied.

91.     Defendants are without sufficient knowledge regarding the allegations in paragraph 91 of the SAC, and therefore, they are denied.

### COUNT I – Violation of 29 U.S.C. §207

92.     Defendants incorporate their answers to the allegations in paragraphs 1 through 91 of the SAC.

93.     Defendants deny the allegations in paragraph 93 of the SAC.

94.     Defendants deny the allegations in paragraph 94 of the SAC.

95.     Defendants deny the allegations in paragraph 95 of the SAC.

96.     Defendants deny the allegations in paragraph 96 of the SAC.

97.     Defendants deny the allegations in paragraph 97 of the SAC.

98.     Defendants deny the allegations in paragraph 98 of the SAC.

99.     Defendants deny the allegations in paragraph 99 of the SAC.

100.    Defendants deny the allegations in paragraph 100 of the SAC.

101.    Defendants deny the allegations in paragraph 101 of the SAC.

## COUNT II – Unjust Enrichment

102.    Defendants incorporate their answers to the allegations in paragraph 1 through 91 of the SAC.

103.    Defendants deny the allegations in paragraph 103 of the SAC.

104.    Defendants deny the allegations in paragraph 104 of the SAC.

105.    Defendants deny the allegations in paragraph 105 of the SAC.

106.    Defendants deny the allegations in paragraph 106 of the SAC.

107.    Defendants deny the allegations in paragraph 107 of the SAC.

108.    Defendants deny the allegations in paragraph 108 of the SAC.

109.    Defendants deny the allegations in paragraph 109 of the SAC.

110.    Defendants deny the allegations in paragraph 110 of the SAC.

111.    Defendants deny the allegations in paragraph 111 of the SAC.

112.    Defendants deny the allegations in paragraph 112 of the SAC.

113.    Defendants deny the allegations in paragraph 113 of the SAC.

114.    Defendants deny the allegations in paragraph 114 of the SAC.

## COUNT III – Violation of FDUPTA

115.    Defendants incorporate their answers to the allegations in paragraph 1 through 91 of the SAC.

116.    Defendants deny the allegation in paragraph 116 of the SAC.

117.    The allegations in paragraph 117 recite the legislative history of section 501.201 of FDUPTA and therefore, there are not any factual allegations for Defendants to answer.

118.    Paragraph 118 asserts a legal conclusion regarding a business who fails to pay proper payroll taxes in violation of FDUPTA and therefore, there are not any factual allegations for Defendants to answer.

119.    Defendants deny the allegations in paragraph 119 of the SAC.

120.    Defendants deny the allegations in paragraph 120 of the SAC.

121.    Defendants deny the allegations in paragraph 121 of the SAC.

122.    Defendants deny the allegations in paragraph 122 of the SAC.

123.    Defendants deny the allegations in paragraph 123 of the SAC.

124.    Defendants deny the allegations in paragraph 124 of the SAC.

125.    Defendants deny the allegations in paragraph 125 of the SAC.

126.    Defendants contend that Plaintiff is not entitled to any of the relief sought in the prayer for relief.

### First Affirmative Defense

Plaintiff failed to state a claim for unpaid overtime wages under section 207 of the FLSA.

### Second Affirmative Defense

Plaintiff is not entitled to overtime compensation under section 207 because his duties are exempt from the overtime requirements of the FLSA under the retail and service establishment exemption provided for in section 207(i) of the FLSA.

### Third Affirmative Defense

Defendants went above and beyond their obligations under the FLSA.  Specifically, Defendants paid Plaintiff one and half time his hourly wage for every hour he worked in excess of a 40-hour workweek even though his job duties were clearly exempt from the FLSA overtime

requirements as a retail/service establishment employee.

## Fourth Affirmative Defense

Plaintiff entered into an Employment Agreement the explicitly acknowledged that Plaintiff would only receive a commission from the 18% service charge pool which is permitted under the FLSA. Defendants paid Plaintiff his commission from the 18% service charge pool pursuant to section II.B of their Employment Agreement and as such, he is not entitled to any additional compensation under the FLSA.

## Fifth Affirmative Defense

Plaintiff is estopped from claiming that the 18% service charge constitute a gratuity for purposes of the FLSA by virtue of the fact that he induced Seasalt and Pepper to employ him in reliance on the Employment Agreement where he agreed to receive a share from 18% service charge.

## Sixth Affirmative Defense

Plaintiff's claim is barred by the doctrine of unclean hands. Plaintiff brought this claim for the sole purpose of retaliating against Seasalt and Pepper for terminating him for cause.

## Seventh Affirmative Defense

Plaintiff is not entitled to any additional compensation under the FLSA because he was properly paid an hourly wage which exceeded the federal minimum wage and a commission from the 18% mandatory service charge in accordance with a valid service pool.

## Eight Affirmative Defense

Defendants acted in good faith by organizing a valid service charge pool for all tipped employees, paying Plaintiff a commission from the 18% service charge pool pursuant to section II.B of his Employment Agreement, and  time and half his hourly wage for each hour he worked in excess of 40-hour workweek.

**Ninth Affirmative Defense**

Plaintiff waived all claims or rights to any additional compensation from the 18% service charge pool, by knowingly accepting and depositing each and every pay check during the course of his employment with Seasalt and Pepper even though such checks did not pay him the full amount of the service charge pool that he now claims that he is entitled to receive.

**Tenth Affirmative Defense**

Despite Plaintiff's experience as a bartender in the hospitality industry for nearly twenty five (25) years, Plaintiff failed to apprise Seasalt and Pepper of his claim for overtime compensation and the fact that he was purportedly entitled to receive the full amount of the 18% service charge that Seasalt and Pepper was collecting from its patrons.  To the contrary, Plaintiff accepted his share of the service charge pool and not once complained that he was receiving less that he was not entitled to receive as compensation. As such, he acquiesced in the service charge pool for all tipped employment and cannot now claim that he was entitled to receive the full amount of the service charge that Seasalt and Pepper collected from its patrons.

WHEREFORE, Defendants Seasalt and Pepper, LLC, Carlos Miranda and Stephane Dupoux respectfully request that the Court enter a judgment in their favor and against Plaintiff Jorge Gutierrez and grant such further relief as is just and appropriate.

Respectfully submitted,

ZARCO EINHORN SALKOWSKI & BRITO, P.A.
*Counsel for Defendant Seasalt and Pepper, LLC*
Miami Tower
100 S.E. 2nd Street, 27th Floor
Miami, Florida 33131
Telephone: (305) 374-5418
Telecopier: (305) 375-5428
By: _/s/ Beshoy Rizk_____
        ROBERT ZARCO
        Florida Bar No. 502138
        rzarco@zarcolaw.com

10

ROBERT F. SALKOWSKI
Florida Bar No. 903124
rsalkowski@zarcolaw.com
BESHOY RIZK
Florida Bar No. 093808
brizk@zarcolaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 10, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send a notice of filing to the following attorneys:

Amanda Elizabeth Kayfus
Morgan & Morgan PA
600 N Pine Island Road
Suite 400
Plantation, FL 33324
954-318-0268
Fax: 954-327-3017
akayfus@forthepeople.com

Counsel for Plaintiffs

_____/s/ Beshoy Rizk_____