IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JORGE GUTIERREZ on his own behalf
and on behalf of all similarly situated
individuals,
      Plaintiff,

vs.                                                                                    CASE NO: 1:14-cv-22852-UU

SEASALT AND PEPPER, LLC, a Florida
Limited Liability Company, CARLOS
MIRANDA, individually, and STEPHANE
DUPOUX, individually,

      Defendant(s).
_____/

**PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE**

      Plaintiff, **JORGE GUTIERREZ**, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 41, hereby files Plaintiff's Motion for Dismissal Without Prejudice and as grounds therefore states as follows:

      1.    On December 16, 2014, Plaintiff filed a Second Amended Complaint against Defendants, SEASALT AND PEPPER, LLC, ("SEASALT"), CARLOS MIRANDA, individually ("MIRANDA"), and STEPHANE DUPOUX ("DUPOUX") (collectively "Defendants"). *See* D.E. 50.

      2.    Thereafter, on December 23, 2014, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint. *See* D.E. 51.

      3.    On February 3, 2015, this Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. *See* D.E. 63.

4. By its Order, the Court directed Defendants to file their Answers to Plaintiff's Second Amended Complaint by February 10, 2015. *See id*.

5. Pursuant to the Court's Order, Defendants' Answer to Plaintiff's Second Amended Complaint was filed on February 10, 2015. *See* D.E. 64.

6. Because Defendants have served their Answer, Plaintiff's motion for dismissal is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure.

7. Rule 41(a)(2) does not allow Plaintiff to dismiss his lawsuit without prejudice "save upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).

8. To determine whether a dismissal should be with or without prejudice, the Federal Circuit applies the law of the pertinent regional circuit. *See H.R. Technologies, Inc. v. Astechnologies, Inc.,* 275 F.3d 1378, 1384 (Fed.Cir.2002). In the context of voluntary dismissals pursuant to Fed.R.Civ.P. 41(a)(2), the Eleventh Circuit has said that the district court has broad discretion to weigh the relevant equities and do justice between the parties in each case. *See Mosley v. JLG Industries, Inc.,* 189 Fed.Appx. 874, 875 (11th Cir.2006) (citing *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255–56 (11th Cir.2001)).

9. Moreover, the Eleventh Circuit has said that voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2) ordinarily "should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." *McCants v. Ford Motor Co.,* 781 F.2d 855, 856-57 (11th Cir.1986) (emphasis in original) (citing *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976)).

10. A defendant must demonstrate " 'clear legal prejudice' " to defeat outright a motion for dismissal without prejudice. *McCants,* 781 F.2d at 856-57.

11. Clear legal prejudice is determined by asking the "crucial question" of whether the defendant would lose "any substantial right" by the dismissal. *See Pontenberg,* 252 F.3d at 1255-56; *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967).

12. Neither the mere prospect that a plaintiff will later re-file the lawsuit nor the fact that the plaintiff "may obtain some tactical advantage" in a subsequent filing constitutes clear legal prejudice sufficient to warrant the denial of a motion to dismiss without prejudice. *Pontenberg*, 252 F.3d at 1255; *McCants,* 781 F.2d at 857.

13. The Eleventh Circuit followed *McCants* in *Pontenberg v. Boston Scientific Corp.,* where the district court granted a voluntary dismissal without prejudice, and the Eleventh Circuit affirmed, notwithstanding the defendant's assertion that it "had invested considerable resources, financial and otherwise, in defending the action, including by preparing the then pending summary judgment motion," and that the plaintiff "had failed to diligently prosecute the action." *Id.* at 1256. The Eleventh Circuit said that neither of these circumstances, "alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Id.* (citing *Durham,* 385 F.2d at 368).

14. Here, Defendants will not suffer any "clear legal prejudice" if Plaintiff's case is voluntarily dismissed without prejudice. To the contrary, Plaintiff seeks dismissal at an early stage of litigation. The Parties have not yet engaged in any discovery regarding the instant claims, and in fact, the Plaintiff's Motion to Dismiss is filed just one day after this Court's entry of a Scheduling Order. *See* D.E. 65.

15. At most, Defendants face the "prospect of a subsequent lawsuit," *McCants,* 781 F.2d at 857, but that does not preclude dismissal without prejudice.

16.     As a result, Defendants cannot demonstrate any legal prejudice and Plaintiff's Motion to Dismiss Without Prejudice is due to be granted. *See Southern Christian Leadership Conference v. Siegelman,* 714 F.Supp. 511, 521–22 (M.D.Ala.1989).

17.     Here, because Defendants cannot identify any "clear legal prejudice" sufficient to warrant the extreme sanction of a denial of Plaintiff's motion, Plaintiff's Motion for Dismissal Without Prejudice should be granted.

## CONCLUSION

WHEREFORE, Plaintiff, JORGE GUTIERREZ respectfully requests this Honorable Court enter an order dismissing this case without prejudice.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1, the undersigned counsel conferred with counsel for Defendants regarding the relief requested in this Motion, but Defendants' counsel opposed the requested relief of dismissal without prejudice.

Dated this 4th day of March, 2015.

/s/ AMANDA E. KAYFUS
Amanda E. Kayfus, Esq.
Florida Bar No. 92805
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile:  (954) 327-3013
E-mail: AKayfus@forthepeople.com
E-mail: AFrisch@forthepeople.com

*Trial Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record this <u>4th</u> day of March, 2015.

<u>**/s/ AMANDA KAYFUS**</u>
Amanda Kayfus, Esquire